### LANIER v. HOADLEY et al.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

1. APPEAL—TRIAL BY COURT—EXCEPTIONS.

Code Civ. Proc. § 994, requires that an exception to a ruling on a question of law, made after final submission of the cause to the court without a jury, must be taken by filing and serving it. Section 995 provides that

· in any other case an exception must be taken when the ruling is made, *Held* that, where the court's decision states separately the facts found and the conclusions of law, an appeal from the judgment presents only the ruling excepted to at the trial.

**2. SUBROGATION—ACTIONS TO ENFORCE—EVIDENCE.**

One relying on the representation of the owner that all the incumbrances on land were a certain mortgage and taxes, advanced the amount to discharge the same. There being another mortgage, the lender sued to have the satisfaction of the former mortgage vacated, and to be subrogated thereto. *Held*, that a memorandum search for taxes, addressed to a certain title insurance company, though not official, was properly admitted, as part of the transaction, to show knowledge of the lender of the incumbrances.

Appeal from special term, New York county.

Action by Stella L. Lanier against Russell H. Hoadley, impleaded with others. From a judgment for plaintiff (54 N. Y. Supp. 424), defendant Hoadley appeals. Affirmed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

George Walton Green, for appellant.
George H. Adams, for respondent.

INGRAHAM, J. The action was brought to vacate and set aside the satisfaction of, and for the foreclosure of, a certain mortgage made by the defendant Mary A. Milliken to one Sarah A. Hardy, for judgment that the plaintiff became entitled to the said mortgage by subrogation and to enforce the same. The action came on for trial at special term, and resulted in a judgment for the plaintiff, from which the defendant Russell H. Hoadley, as trustee, appeals. The court below found that one Mary A. Milliken was the owner of the premises in question; that the said premises were subject to a mortgage executed by the said Mary A. Milliken to one Sarah A. Hardy to secure the payment of the principal sum of $6,000, which said mortgage was then due and unpaid; that the said Mary A. Milliken, through her attorney, David Milliken, Jr., applied to one Alexander C. Lanier to make a loan of $8,000, to be secured by a mortgage upon said premises, to enable her to pay the said mortgage to Hardy, and certain taxes then liens on said property, representing to said Lanier that the property was free and clear of all incumbrances, except the said mortgage for $6,000 and taxes; that thereupon Lanier agreed to loan upon said premises the sum of $8,000 for the purpose of paying the Hardy mortgage and the taxes which were then liens upon said property; that Lanier paid off the Hardy mortgage, paying the sum of $6,066, taking a satisfaction piece of the said mortgage, and caused the same to be satisfied of record, and also paid the sum of $348.46, the taxes and water rates, which were then liens on said property, and that the balance of the $8,000 he paid to Mary A. Milliken, and received a mortgage from Mary A. Milliken to secure the repayment of the said sum of $8,000, which mortgage was duly recorded; that before the execution of the said mortgage by Mary A. Milliken to Lanier, and on or about June 8, 1893, Mary A. Milliken executed to Russell H. Hoadley, trustee, a mortgage upon the same premises to secure the payment of the sum of $4,000, which said

mortgage was duly recorded on June 9, 1893, and which, by its express terms, was subject to the said $6,000 mortgage held by the said Sarah A. Hardy; that Lanier had no knowledge of the existence of said mortgage given to Hoadley, but relied entirely upon the representation of the said Mary A. Milliken and her attorney, David Milliken, Jr., that the premises were free and clear of all incumbrances, except the said mortgage for $6,000 and the taxes then liens upon the property. And the court found, as conclusions of law, that the plaintiff was entitled to be subrogated to all the rights which attached to the mortgage given to Sarah A. Hardy before its satisfaction, and to that extent, and to the extent of the amount paid for taxes, arrears of taxes, water rates, and insurance, the plaintiff's mortgage should have precedence over the mortgage held by Russell H. Hoadley, trustee. Judgment was entered directing the sale of the premises, and out of the proceeds thereof to pay to the plaintiff the amount of the Hardy mortgage and the taxes paid by Lanier, and to pay the balance of the purchase money to the chamberlain of the city of New York. No exception to the decision of the court was taken by the defendant, who simply appeals from the judgment.

By section 994 of the Code of Civil Procedure, where an issue of fact is tried by the court without a jury, an exception to a ruling upon a question of law, made after the cause is finally submitted, must be taken by filing a notice of the exception in the clerk's office, and serving a copy thereof upon the attorney for the adverse party. By section 995 of the Code, it is provided that, "in any other case, an exception must be taken, at the time when the ruling is made, unless it is taken to the charge given to the jury; in which case, it must be taken before the jury have rendered their verdict." The decision of the court having stated separately the facts found and the conclusions of law, to which no exceptions were taken, the appeal from the judgment brings up for review only the ruling to which an exception was taken at the trial.

The only exception to which our attention is called by the appellant is that to the admission of a memorandum search for taxes and assessments upon the property, addressed to the Title Guaranty & Trust Company. We think this was properly admitted in evidence, as a part of the transaction, to show the knowledge of the plaintiff as to the incumbrances upon the property at the time of the advance of the money by the defendant to Milliken. It was not offered to prove, nor did it purport to be evidence of, the incumbrances upon the property. The amount of the taxes paid by the plaintiff was proved by the receipts for the taxes paid. The only objection taken by the defendant was that, as it was not an official search, it was not worth anything, which was a mere objection as to materiality; and, if it was not immaterial, it could not have injured the defendant. Its only materiality was to show the steps taken by the plaintiff to ascertain the incumbrances upon the property. As to liens other than taxes and assessments, the plaintiff relied exclusively upon the representation of Milliken, and, so relying, was induced to pay off the Hardy mortgage, instead of taking an assignment of it. There

is nothing in this objection that would justify the court in reversing this judgment.

It follows that the judgment appealed from should be affirmed, with costs.  All concur.