NATIONAL BANK OF PORT JERVIS, Appellant, *v.* MARY BONNELL and FLORENCE M. BONNELL, Respondents.

*Delivery of a deed to a third person for record—presumption as to its acceptance by the grantee — when the deed takes effect — fraud not presumed.*

*It seems,* that where the complaint in an action alleges that "Mary Bonnell, by deed dated June 9, 1897, and filed for record on that day in the office of the county clerk of Orange county, conveyed or attempted to convey, for the nominal consideration, as therein stated, of four thousand dollars, to the said defendant Florence M. Bonnell, her daughter, the real property above described," and the answer of the defendant Florence M. Bonnell admits that on or about the "9th day of June, 1897, the defendant Mary Bonnell, by deed dated that day, conveyed to this defendant the property described in said complaint, and admits that said deed was recorded on that day in the office of the clerk of Orange county," the plaintiff, in the absence of an amendment to the complaint, is not, on an appeal from a judgment dismissing the complaint,

in a position to assert that the deed did not take effect upon the 9th day of June, 1897, upon the ground that it was not delivered to the grantee on that day.

Proof that the deed, which was founded upon a valuable consideration, was prepared pursuant to directions given by the son of Mary Bonnell, who was a brother of Florence Bonnell, and was delivered by the grantor to him for record, considered in connection with the allegations of the complaint and admissions of the answer above quoted, is sufficient to sustain a finding that the deed was received and accepted by the defendant Florence M. Bonnell on the 9th day of June, 1897, although it appears that she was ignorant of the existence of the deed until the 30th day of June, 1897.

Fraud is never to be presumed, but must be proven by the party alleging it.

APPEAL by the plaintiff, the National Bank of Port Jervis, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Orange on the 14th day of March, 1899, upon the decision of the court, rendered after a trial at the Orange Special Term, dismissing the complaint upon the merits.

*Lewis E. Carr*, for the appellant.

*John W. Lyon*, for the respondents.

WOODWARD, J.:

This action was brought for the purpose of setting aside a deed to certain real estate, and to permit the plaintiff to enforce a judgment against the property, it being alleged that the transfer of the real estate from Mary Bonnell to her daughter, Florence M. Bonnell, was fraudulent, and that it was made for the purpose of delaying and defeating the payment of the judgment held by the plaintiff against the defendant Mary Bonnell. Upon the trial of the action the learned court at Special Term decided in favor of the defendants, the plaintiff filing exceptions, and appeal now comes to this court.

For some years prior to the beginning of this action the firm of Hornbeck & Bonnell had been borrowing money of the plaintiff on promissory notes, which had been renewed from time to time. Thomas J. Bonnell was the surviving partner, and the renewal of some of these notes was made by Mary Bonnell, payable to the order of Thomas J. Bonnell. On the 17th day of May, 1897, the

firm in the meantime having become embarrassed, the plaintiff was the holder of two of the notes in question, which were past due, and an action was begun against Mary Bonnell and Thomas J. Bonnell to recover judgment upon these notes. An answer was served in behalf of the defendant Mary Bonnell, which was subsequently struck out as being a sham and frivolous one, and the plaintiff took judgment, which was duly entered of record, and an execution was issued and returned unsatisfied. In the meantime, and before the judgment was entered, the defendant Mary Bonnell executed a deed of the premises involved in this action, in which her daughter, Florence M. Bonnell, was named as the grantee, and a consideration of $4,000 was expressed. This deed was prepared pursuant to directions given by Clarence H. Bonnell, a son of Mary Bonnell, and a brother of Florence, and was given into his possession by the grantor to be recorded in the office of the county clerk. The deed was duly recorded, but it appears from the record that Florence M. Bonnell, the grantee, was kept in ignorance of the fact until the 30th day of June, 1897, when she was about to be examined in supplementary proceedings.

It is argued on this appeal that no title to the real estate described in the complaint passed from Mary Bonnell to Florence M. Bonnell prior to the recovering and docketing of the plaintiff's judgment, June 22, 1897, because there was no delivery of the deed to the grantee, nor acceptance of the deed by her. The court below found as a fact that the deed was duly executed and filed for record on the 9th day of June, 1897, for the consideration expressed in the deed, and that "such deed was received and accepted by the defendant Florence M. Bonnell." If that question is properly before this court, we have no hesitation in reaching the conclusion that this finding of fact was supported by the evidence. The complaint avers that " Mary Bonnell, by deed dated June 9th, 1897, and filed for record on that day in the office of the county clerk of Orange county, conveyed or attempted to convey, for the nominal consideration, as therein stated, of four thousand dollars, to the said defendant Florence M. Bonnell, her daughter, the real property above described." The defendant Florence M. Bonnell admits that on or about the " 9th day of June, 1897, the defendant Mary Bonnell, by deed dated that day, conveyed to this defendant the prop-

erty described in said complaint, and admits that said deed was recorded on that day in the office of the clerk of. Orange county," but denies the remainder of the averment. The complaint also avers that "said deed and conveyance was made, given, executed and delivered by the said Mary Bonnell, and received and accepted by the said Florence Bonnell with intent to hinder," etc. This the defendants both deny, so that the pleadings stand with the defendants admitting the transfer of the property in the form described in the complaint, and that the defendant Florence M. Bonnell received and accepted the same, but denying that it was done for the fraudulent purpose alleged; and as the complaint was not amended on the trial, it is not quite clear that the plaintiff may now be heard to question the fact of the receipt and acceptance of the deed on the part of the defendant Florence M. Bonnell.

Assuming, however, that the issue may have been before the court, we discover nothing in the case of *Ten Eyck* v. *Whitbeck* (156 N. Y. 341) to change the long-established rule of law in this State in respect to transfers of this character, and we agree with the learned justice at Special Term, that "if the delivery to the third person be absolute, the grantor not reserving any future control over the deed, the estate passes; the assent of the grantee to accept the conveyance being presumed from the fact that the conveyance is beneficial to him." (*Munoz* v. *Wilson*, 111 N. Y. 295, and cases there cited.) There might be a case where the deed of property was so far incumbered with trusts or other obligations that a grantee would be injured by the transfer; in such a case there would be no presumption of his acceptance, and it would be wrong to impose the burden upon him; but where the transfer is free from such conditions, and is manifestly in the interest of the grantee, something more than a mere lack of knowledge of the transfer on the part of the grantee is necessary to overcome this presumption. The fact that in the case at bar the deed was made at the suggestion of the brother of the defendant Florence M. Bonnell, and was delivered to him to be recorded, and that it was actually recorded, in connection with the allegations of the complaint and the admissions of the answer, is sufficient evidence to support the decision of the court below upon this point. In the case of *The Lady Superior* v.

*McNamara* (3 Barb. Ch. 375, 378) the chancellor says: "A deed may be delivered to a stranger for the grantee named therein without any special authority from the grantee to receive it for him. And if the grantee assents to it afterwards, the deed is valid from the time of the original delivery;" and the court adds: "It is upon this principle that it has frequently been held that a delivery of a deed to the proper recording officer to be recorded, if intended to vest the title immediately or absolutely in the grantee, either as a trustee or otherwise, is a valid delivery, if not afterwards dissented from by the grantee."

The only other material question in the case is the consideration. It is in evidence, and nowhere directly disputed, that some years prior to Florence M. Bonnell coming of age, Mary Bonnell was with her mother in New Jersey during the latter's last illness; that a package containing $4,000 in money was placed in the hands of Mary Bonnell in trust for her daughter when she should come of age; that Mary Bonnell brought this money home; that it was loaned by her to her husband, Thomas J. Bonnell, and by the latter dissipated in his business; that on the daughter, Florence M. Bonnell, reaching the age of twenty-one years, in 1892, the mother being unable to pay over the trust fund, gave her note to the daughter, payable in one month from date, with interest; that this note remained unpaid up to the time of the executing of the deed in controversy, and that the consideration named in the deed was intended to protect the interest of the daughter in this trust fund represented by the note of Mary Bonnell. This story, lacking perhaps in some of the elements of probability, is supported by the evidence of three witnesses, and, as the court below aptly says, "is not expressly contradicted in any way or weakened by cross-examination, nor, beyond the incidents of the relationship of the parties and their interest in the controversy, is their testimony or general credibility impeached." Under these circumstances, remembering that fraud is never to be presumed, but must be proven by the party alleging it, it would be an abuse of the appellate jurisdiction of this court to interfere with the judgment of the court below. There is no evidence of fraud in the record as we find it; and the real estate in question having been properly transferred, for a good consideration, and the equity of redemption being no greater than the debt

owed to the defendant Florence M. Bonnell, the plaintiff has no superior equities, and the judgment appealed from should be affirmed.

The judgment appealed from should be affirmed, with costs.

BARTLETT, J., absent.

Judgment unanimously affirmed, with costs.