## OBERMEYER & LIEBMANN v. JUNG et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

1. DEEDS—DATE—ACKNOWLEDGMENT—MISTAKE—PRIORITY

Where a son had borrowed money from his mother, and, in consideration of the debt, deeded to her his one-fourth interest in real property on the evening of June 17. 1897, which deed was recorded June 18. 1897, at 11:35 a. m., but a mistake was made in the date and acknowledgment of the deed, which recited the same as of June 18th instead of June 17th, and a judgment was docketed against the son June 18, 1897, at 9:30 a. m.,

under which a sheriff's deed was executed to the plaintiff, the mother's title was superior to that of the plaintiff, since the son had devested himself of his title before the judgment was docketed, and in the absence of fraud he had a right to choose which creditor he would protect.

2. SAME—DELIVERY—ACCEPTANCE.
   Where a son executed a deed to his mother, which he gave to her immediately after its execution, and she put it in the hands of a third person to be recorded, which was done on the following morning, the deed was duly delivered and accepted.

Appeal from judgment on report of referee.

Action by Obermeyer & Liebmann, a corporation, against Frederick C. Jung and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Albert G. McDonald (Edward T. Horwill, on the brief), for appellant.

Frederick E. Crane, for respondents.

WOODWARD, J. This action was brought for the partition of real property. The answer denied the title of the plaintiff, and the sole question to be determined by the referee was whether the plaintiff (a corporation) was the owner of a one-quarter interest in the property, or whether it belonged to Paulina A. Jung. The referee decided in favor of the latter, and from the judgment entered an appeal comes to this court.,

Henry A. Jung was originally the owner of the property in question. Upon his death the property passed by will to his four children, subject to the dower right of his widow. By a provision of the will the widow was permitted to elect whether or not to accept a portion of the value of the property, upon its sale, in lieu of dower, and this she subsequently did. By an arrangement between the parties, the title became vested in the four children of Henry A. Jung. The amount of the widow's dower was fixed at $4,000, which sum was paid to her son Adolph M. Jung, who undertook to carry on the saloon business left by the father. Adolph used a considerable portion of this money, so that on the 17th day of June, 1897, he was owing his mother $1,614.61, as found by the learned referee. On the evening of that day Adolph M. Jung, by an instrument in writing duly executed, acknowledged and delivered to the defendant Paulina Jung his certain deed, conveying the undivided one-fourth part of the premises in question, in consideration of the sum of $1,200. The learned referee finds that "said deed on its face bears date the 18th day of June, 1897, the acknowledgment thereto is stated to have been taken on the 18th day of June, 1897, and said deed was duly recorded in Kings county register's office, in Liber 9, page 42, of Conveyances, in section 7, block 1905, on June 18, 1897, at 35 minutes past 11 o'clock in the forenoon; that said dates of June 18, 1897, as the date of the deed and the acknowledgment thereof, were inserted in said deed through error and mistake, the deed having been executed, acknowledged, and delivered on the evening of

June 17, 1897." This finding of fact is fully sustained by the evidence, and the question presented on this appeal is whether the judgment entered by the plaintiff in an action against Adolph M. Jung for $1,438.86, and docketed on the 18th day of June at 9:30 a. m., under which the plaintiff afterwards secured a sheriff's deed, has priority over the unrecorded deed of Paulina A. Jung. We share in the opinion of the learned referee before whom the case was tried that Adolph M. Jung had devested himself of all title to the property before the docketing of the judgment, and that Paulina A. Jung was the owner in fee of the interest which the plaintiff claims under its sheriff's deed, at the time of docketing the judgment against Adolph M. Jung. The evidence showed that there was no new consideration moving from Paulina A. Jung to Adolph M. Jung at the time of the transfer; that the deed was given in payment of an existing debt. If the plaintiff had had a prior equitable lien or title, there is no doubt that the court would not permit her to retain the legal title, to the injury of the plaintiff. Dickerson v. Tillinghast, 4 Paige, 215, 222. But in the case at bar the evidence shows that the plaintiff had no lien whatever upon this property at the time of the delivery of the deed to Paulina A. Jung, and in the absence of fraud there is no reason why a debtor should not be at liberty to pay one creditor as well as another. This conclusion is not in conflict with that of Mr. Justice Cullen (cited by the appellant) in Howe v. Sommers, 22 App. Div. 417, 48 N. Y. Supp. 162, but is in entire accord with that case, where he says:

"I concur with the presiding justice that the debtor, though insolvent, had the right to prefer one creditor to other creditors; that fraud is to be proved, not presumed; and that, if the facts proved are as consistent with innocence as with guilt, the evidence is insufficient to establish the fraud."

In the case then under consideration the special term had found that the transfer of property was made for the purpose of defrauding the creditors, and there was grave doubt of the existence of any indebtedness; and it was in relation to this condition of affairs that the remarks of Mr. Justice Cullen were made, which the appellant seeks to make applicable to the case at bar.

The suggestion of the appellant that the deed was not delivered and accepted presents a question quite fully discussed by this court in Bank v. Bonnell, 46 App. Div. 302, 61 N. Y. Supp. 521; and we are of opinion that in the case at bar there was a full compliance with the law, and that the delivery and acceptance were complete, and operated to devest Adolph M. Jung of all title or interest in the property. It has been held that where a deed is delivered to a third person, and the delivery is absolute and unqualified, the grantor not reserving any future control over the deed, the estate passes; the assent of the grantee to accept the conveyance being presumed from the fact that the conveyance is beneficial to him. Munoz v. Wilson, 111 N. Y. 295, 18 N. E. 855. In the case at bar the deed was not only delivered to Paulina A. Jung, but was by her delivered to a third person for the purpose of recording, and was duly recorded on the following morning. The title being in Paulina A. Jung at the time of the docketing of the judgment, the judgment did not become

a lien upon the property in question, and the purchase by the plain-
tiff at sheriff's sale after the recording of Paulina A. Jung's deed
did not operate to give the plaintiff any rights.

The judgment appealed from should therefore be affirmed, with
costs. All concur; HIRSCHBERG, J., in result.