### CLEMENTS v. BEALE et al.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

1. JUDGMENT ON DECISION—FAILURE TO EXCEPT—QUESTIONS OF LAW—REVIEW ON APPEAL.

Under Code Civ. Proc. § 1022, providing that, where a judgment is rendered on a decision of the court which does not state separately the facts found, on exception to the decision the court, on appeal, shall review questions of fact and of law, where a judgment was rendered for plaintiff on a decision of the court defendant's failure to except to the decision will not prevent a review of the questions of law presented by his appeal.

2. PETITION—AMENDMENT—NEW CAUSE OF ACTION.

Under Code Civ. Proc. § 723, authorizing the court on the trial, or at any other stage of the action, before or after judgment, to allow such amendments as it shall deem just, where plaintiff brought a creditors' suit to set aside deeds executed by defendant as fraudulent, on failure to prove the fraud alleged it was error to allow the petition to be amended by alleging that the deeds were not delivered until after the docketing of plaintiff's judgment, since the amendment set up a new cause of action.

3. DEEDS—DELIVERY—DATE—ACCEPTANCE BY GRANTEE—NECESSITY.

Where defendant executed a deed to a resident of another state, which was recorded on March 3d, but was not received by the grantee for several days afterwards, it was entitled to priority over a judgment entered in favor of defendant on March 4th, since, when it was received and accepted by the grantee, it took effect from the time it was recorded.

4. MOTION FOR NONSUIT—NECESSITY.

Where defendants were entitled to a nonsuit at the close of plaintiff's case, but failed to renew their motion therefor at the close of the evidence, no error can be assigned on appeal for the failure of the trial court to grant the nonsuit.

5. SAME—APPEAL AND ERROR—POWER OF COURT.

Under Code Civ. Proc. § 1317, providing that, on appeal from a judgment of the supreme court, the court to which the appeal is taken may reverse or affirm or modify any judgment which it is authorized to review, where defendant took an appeal to the appellate division from a judgment rendered on a decision of the supreme court, without excepting to the decision, on reversal of the judgment for errors of law the appellate division has no authority to dismiss the complaint on the merits.

Appeal from special term, Suffolk county.

Action by Charles Clements against William C. Beale and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Thomas Young, for appellants.

Thomas J. Ritch, Jr., for respondent.

WOODWARD, J. This is a creditors' suit, the action being brought to set aside two deeds by the defendant W. C. Beale to his sister, the defendant Phebe M. Beale, on the ground that they were made "with the intent to hinder, delay, and defraud this plaintiff in the collection of his aforesaid claim against him, and to hinder, delay, and defraud the creditors of said William C. Beale." The answers deny this, and allege that the deeds were honestly given for a good and sufficient consideration. The learned court finds the facts, apparently, in harmony with this contention of the defendants, but upon the trial of the action, and after the close of the testimony, the court permitted an amendment of the complaint, which was made to allege that the deeds were not delivered and accepted by the defendant Phebe M. Beale until after the docketing of the plaintiff's original judgment; and, evidence tending to establish this fact being admitted, the court found and decided that the deeds were not delivered to and accepted by the defendant Phebe M. Beale until several days after the docketing of the judgment of the plaintiff, and that the said judgment of the plaintiff constituted a lien upon the premises conveyed by such deed. From the judgment entered, appeal comes to this court.

It is suggested that, as the court rendered a short decision, under the provisions of section 1022 of the Code of Civil Procedure it was necessary that the defendants should have filed exceptions in order to review the judgment upon this appeal. While this would undoubtedly be necessary if the defendants sought a review of the facts and the law, we are of opinion that questions of law raised by exceptions taken during the trial may be reviewed upon an appeal from the judgment, under the provisions of sections 995, 996, Id. Dearing v. Pearson, 8 Misc. Rep. 269, 28 N. Y. Supp. 715; Lanier v. Hoadley, 42 App. Div. 6, 8, 58 N. Y. Supp. 665.

The real question involved in this appeal is raised by the exception of the defendants to the amendment of the complaint after the close of the evidence, in such a manner as to give the plaintiff a cause of action, where he had none before. The cause of action set forth in the complaint depended upon establishing fraud in the transfer of the property. This the plaintiff absolutely failed to do, but the learned court permitted an amendment of the complaint so that under the subsequent evidence it was established to the satisfaction of the court that the deed was not actually delivered until some days after the docketing of the judgment of the plaintiff, and that the judgment thus became a lien upon the property transferred. This is giving to the plaintiff two opportunities to recover, where he has pleaded but one cause of action, and we find no authority in the Code of Civil Procedure for an amendment upon the trial which sets up an entirely different cause of action from that which was contained in the original pleadings. An amendment contemplates that there shall be something to amend, and as the case stood at the close of the evidence, and at the time the amendment was granted, the plaintiff had absolutely nothing before the court. He had failed to bring into the case any evidence supporting his cause of action, and to amend the pleadings to give him a cause of action, assuming that the amend-

ment accomplished this, was not warranted by section 723, Code Civ. Proc. This section of the Code clearly contemplates that the pleadings shall set forth, and that the evidence shall sustain, some kind of a cause of action, before it shall be competent for the court to allow an amendment. The first clause of the section says:

"The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case."

These provisions all relate to the mere details of a cause of action set forth by the pleadings, but which may in some respects present inaccuracies. It then continues:

"Or, where the amendment does not change substantially the claim or defense, by conforming the pleading or other proceedings to the facts proved."

In the case now before us the claim of the plaintiff was that one of the defendants had fraudulently transferred his property to the other defendant for the purpose of hindering or delaying the plaintiff in the collection of his judgment. There was not only no proof of this contention of the plaintiff, but there were no "facts proved" to show that the deed was not delivered and accepted before the docketing of the plaintiff's judgment. It was under this condition of affairs that the court permitted a so-called amendment of the complaint, and afterwards allowed the plaintiff to introduce evidence tending to show lack of a delivery and acceptance of the deeds in question before the docketing of the judgment of the plaintiff. This affected a substantial right of the adverse party, and it was therefore error on the part of the court to permit the change in the pleadings. "This," to use the language of the court in Southwick v. Bank, 84 N. Y. 420, 428, discussing section 723 of the Code of Civil Procedure, "is not a case where the pleadings can after the trial be conformed to the proof, as such an amendment would change substantially the claim of the plaintiff as alleged. This is not a case of mere variance or mere defect, but a case of failure to prove the cause of action alleged, in its entire scope. Pleadings and a distinct issue are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action, and then recover upon another, his complaint will serve no useful purpose, but, rather, to ensnare and mislead his adversary."

While it may not be necessary, under the circumstances, to consider the question, it is doubtful whether, as a matter of law, the court was justified in holding that there was not a delivery and acceptance of the deeds involved in this controversy. It was established on the trial that the effort to transfer the property was not fraudulent. This involved a finding that the transfer was made for a good and sufficient consideration, in the payment of the debts owing by the defendant William C. Beale to Phebe M. Beale. It was proved that the deeds were filed in the proper office on the 3d day of March, while the judgment of the plaintiff was not docketed until the following day; and the only point on which the learned court bases

its decision is that the defendant Phebe M. Beale, who resides out of the state, and who was not consulted in the matter, did not come into the actual possession of the deeds until some days after the docketing of plaintiff's judgment. It was held in the case of Lady Superior v. McNamara, 3 Barb. Ch. 375, 378, that a deed may be delivered to a stranger for the grantee named therein, without any special authority from the grantee to receive it for him, and, if the grantee assents to it afterwards, the deed is valid from the time of the original delivery. The court continues:

"It is upon this principle that it has frequently been held that a delivery of a deed to the proper recording officer to be recorded, if intended to vest the title immediately or absolutely in the grantee, either as a trustee or otherwise, is a valid delivery, if not afterwards dissented from by the grantee."

So, in the recent case of Bank v. Bonnell, 46 App. Div. 302, 61 N. Y. Supp. 521, this court held that if the delivery to the third person be absolute, the grantor not reserving any future control over the deed, the estate passes; the assent of the grantee to accept the conveyance being presumed from the fact that the conveyance is beneficial to him. Of course, if there was fraud in the transaction, this presumption would be rebutted; but, the court having found that the transfer was not tainted with fraud, we are of the opinion that the delivery of the deeds to the recording officer for the purpose of having them recorded was sufficient to devest the defendant William C. Beale of the title, and that it passed immediately to his sister, and the presumption that it was accepted by her has not been overcome by anything which appears in the case. The judgment appealed from should be reversed.

The defendants were, no doubt, entitled to a nonsuit at the close of plaintiff's case; but, as this motion was not renewed at the close of the evidence, it cannot be assigned as error here (Hopkins v. Clark, 158 N. Y. 299, 304, 53 N. E. 27), nor does it give the defendants any rights on this appeal. It is also clear that the complaint should have been dismissed upon the merits, but we find nothing in the record which brings that matter before us. The failure of the defendants to except to the decision of the court, under the provisions of section 1022 of the Code of Civil Procedure, makes it impossible for this court to grant the judgment which the facts warrant. We find no adequate power for this purpose in section 1317, Id., and we are forced to limit the defendants' relief in the present appeal to a reversal of the judgment and the granting of a new trial, with costs to abide the final award of costs. All concur.