DONELLEN v. KETCHUM et al.

(Supreme Court, Appellate Division, First Department. January 9, 1903.)

1. APPEAL—TRIAL BY COURT—FINDINGS OF FACT—CONCLUSIONS OF LAW—EX-
CEPTIONS.
Where no exceptions are filed to the findings of fact and conclusions
of law of the trial court, an appeal from the judgment brings up for
review only exceptions taken at the trial.

2. SAME—FINDINGS ON CONFLICTING EVIDENCE.
Findings of fact by the trial court on conflicting evidence will not be
reversed on appeal where there is sufficient evidence to support them.

Appeal from special term, New York county.

Action by Emma Donellen against Edgar Ketchum and another for
the foreclosure of a mortgage. From a judgment in favor of plain-
tiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and
McLAUGHLIN, JJ.

A. P. Ketchum, for appellants.
Thomas C. Ennever, for respondent.

HATCH, J. This is an action to foreclose a purchase-money
mortgage by the assignee thereof. It is disclosed by the pleadings
and the proof in the case that the assignor of the plaintiff constructed
the house upon which the mortgage is a lien, and sold the same to
the plaintiff, taking as part of the purchase price therefor the mort-
gage in question. The complaint in the action is in the usual form.
The answer averred as a defense thereto that the assignor of the
plaintiff at the time of the sale falsely and fraudulently represented
certain material facts with respect to the building and its construc-
tion; that the defendants relied thereon in making the purchase and
giving the mortgage, and that by reason thereof the defendants suf-
fered loss and damage to a greater extent than the sum secured to
be paid by the bond and mortgage; and demands judgment that
the plaintiff's complaint be dismissed, and that the mortgage be
discharged and canceled of record. A reply was interposed to the
answer by the plaintiff, wherein, among other things, it was averred
that the defendant Edgar Ketchum did not rely upon any representa-
tions made by plaintiff's assignor, but that he examined the prem-
ises in question before the purchase, and also had the same exam-
ined by experts and after such examination accepted the same as
satisfactory, made the purchase, and gave the bond and mortgage.
The case came on for trial before the court at special term, and evi-
dence was given by both parties in support of their respective
theories. The court made separate findings of fact and conclusions
of law, and held and determined that the defendant was entitled to
a deduction from the amount of the mortgage in the sum of $358,
and awarded a judgment for the amount due and unpaid upon the
said mortgage, after deducting said sum, in favor of the plaintiff.
From that decision the defendant appeals. The latter, however, fail-
ed to file any exceptions to the court's findings of fact or conclusions
of law, in consequence of which the facts are not before this court for

review. Where no exceptions are filed to the findings of fact and the conclusions of law, the appeal only brings up for review exceptions which were taken upon the trial. Lanier v. Hoadley, 42 App. Div. 6, 58 N. Y. Supp. 665. It is not claimed by the defendant in in his brief, nor was it orally argued, that there was any exception in the case which would justify a reversal of this judgment. We have, however, examined each several exception taken upon the trial, but find no error therein. The questions presented for determination by the court were of fact, and its conclusions were reached upon conflicting testimony. There is little difficulty in seeing that the evidence is sufficient in support of the conclusions which were reached.

As no exceptions were taken presenting error, and the facts are not before us for review, it follows that the judgment should be affirmed, with costs. All concur.