(74 Misc. Rep. 594.)

### ADIRONDACK HARDWARE CO., Inc., v. WALSH et al.

(Supreme Court, Special Term, Franklin County. December, 1911.)

MORTGAGES (§ 163*)—LIENS—PRIORITY—JUDGMENT.

    Where, on the same day, one acknowledged and delivered a confession of judgment, and acknowledged and delivered to another a mortgage on real property, without intention to give a preference, the mortgage and confession of judgment will be declared equal liens, though the confession of judgment was docketed before the mortgage was recorded.

    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 368–379; Dec. Dig. § 163.*]

Action by the Adirondack Hardware Company, Incorporated, against Julia Walsh and another, to establish the priority of plaintiff's lien under its mortgage to defendant's lien under execution issued upon its judgment. Judgment rendered.

J. C. Little, for plaintiff.
A. K. Botsford, for defendant Saranac Lake Nat. Bank.
Moore & Berry, for defendant Walsh.

VAN KIRK, J. But one question is left to be decided in this case, and that is as to the priority between a mortgage and a judgment. The mortgage is dated May 26, 1910, acknowledged May 27, 1910, and recorded June 4, 1910, at 11 a. m. The judgment was by confession. It is acknowledged May 27, 1910, and docketed May 28, 1910, at 8 a. m. The confession of judgment was acknowledged and delivered before the mortgage was acknowledged and delivered.

The rule is that an unrecorded deed or mortgage has preference over a judgment, unless there is a superior equity in favor of the judgment. Fowler, Real Prop. Law (2d Ed.) 756; Howells v. Hettrick, 160 N. Y. 308, 54 N. E. 677; Sweetland v. Buell, 164 N. Y. 541, 58 N. E. 663, 79 Am. St. Rep. 676. In Obermeyer & Liebmann v. Jung, 51 App. Div. 247, 64 N. Y. Supp. 959, it is held that a deed executed in consideration of an existing debt due from the grantor to the grantee, takes precedence over a judgment against the grantor, docketed after the execution, but before the recording, of the deed. And it is held, within the meaning of the recording act, that the extension of time of a pre-existing debt constitutes a valuable consider-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ation within the meaning of the recording act, and a creditor who gives a valid extension of time of payment of said debt and takes a mortgage for the same is a bona fide purchaser for a valuable consideration within the meaning of the act. O'Brien v. Fleckenstein, 180 N. Y. 350, 73 N. E. 30, 105 Am. St. Rep. 768.

So that, if there were no equities in the case, it would have to be held that the mortgage was a lien superior to the judgment, although recorded after the judgment was docketed. But, under the facts in this case, it does not seem to me that preference should be permitted, either to the judgment or to the mortgage. The mortgagor and judgment debtor owed various parties in Saranac Lake. He was evidently willing to secure his creditors. His real estate was his only property, out of which to pay his debts. The judgment was confessed and the mortgage acknowledged upon the same day. The judgment creditor was the more diligent in entering his judgment. It does not appear that there was any reason why a confession of judgment was taken rather than a mortgage. Had a mortgage been taken in place of the judgment, and the same been recorded at the time the judgment was docketed, the lien of that mortgage would have been superior to the lien of the plaintiff's mortgage. There is nothing to indicate that the debtor intended to give a preference to either of the parties. Whether or not it may be said that there is a superior equity in favor of the judgment, there is certainly an equal equity. Justice and equity require that they should be declared equal liens, and that the proceeds of the property applicable thereto should be applied proportionately.

Judgment accordingly.