MARY G. GATELY, Plaintiff, *v.* FRANCIS J. GATELY et al., Defendants.

(Supreme Court, Nassau Special Term (Trials), March, 1918.)

Release — of part of mortgaged premises — equity — liens.
Foreclosure — of mechanics' liens — mortgages — judgments — liens — evidence — lis pendens — actions — service — Lien Law, §§ 17, 19.

    While as between the original parties the release of a part of mortgaged premises, in the absence of statutory provision, does not affect the lien of the mortgage upon the remainder, yet as against others having liens against portions of the mortgaged premises a release of a portion of them may be inequitable and justify the interposition of a court of equity, but unless the mortgagee had notice of the liens at the time of releasing a portion of the mortgaged property equity will not give relief.

    A mechanic's lienor is not a purchaser for value within the meaning of section 291 of the Real Property Law, and where in an action to foreclose a mortgage, upon a contention of mechanics' lienors that plaintiff's mortgage should be adjudged a lien for a less amount than its face value because plaintiff or her assignor had released from the lien of the mortgage the bulk of the property covered by it, it appears that though the release was not recorded until nearly a year after the mechanics' liens had been filed it was given before that time, the plaintiff is entitled to judgment.

    The fact that the liens of both defendants were filed more than a year, and no action had been begun on them nor had they been extended by order, operated automatically to discharge them under sections 17 and 19 of the Lien Law.

Proof that before a year had expired another lienor had filed a *lis pendens* and commenced an action to foreclose his mechanic's lien and had made the defendant mechanics' lienors herein parties to that action, but there is no proof that either of them was served with a summons in that action, did not serve to bring them within the exception contained in said sections.

ACTION to foreclose a mortgage.

Michael M. Helfgott, for plaintiff.

George Morton Levy (Clinton M. Flint, of counsel), for defendants Plander and Randall.

CROPSEY, J.   Two holders of mechanics' liens contest this foreclosure action.   They claim that the plaintiff's mortgage should be adjudged a lien for a less amount than its face value.   This contention is based on the fact that the plaintiff or her assignor released from the lien of the mortgage the bulk of the property covered by it.   The defendants claim this was to their prejudice as their liens cover only the property that was not released.

The release was delivered in June, 1916.   At that time the building in question was under construction and the defendants had supplied some of the material and labor, but their liens were not filed until July and August, 1916.   The release was not recorded until June, 1917.

Under the provisions of the Real Property Law (§ 290) a release of a mortgage is a conveyance. *Baker* v. *Thomas,* 61 Hun, 17; *Briggs* v. *Thompson,* 86 id. 607; *Frear* v. *Sweet,* 118 N. Y. 454, dissenting opinion, at 462–464.   But the provisions of section 291 of that law do not apply, for a mechanic's lienor is not a

2

purchaser for value within the meaning of that section. It has been directly held that a judgment creditor is not such a purchaser. *Trenton Banking Co.* v. *Duncan,* 86 N. Y. 221, 226, 227; *Obermeyer & Liebmann* v. *Jung,* 51 App. Div. 247; *Sullivan* v. *Corn Exchange Bank,* 154 id. 292, 296. And a mechanic's lienor can be in no different position under this statute than a judgment creditor.

In the absence of a statutory provision as between the original parties the release of a part of the mortgaged premises does not affect the mortgagee's lien upon the remainder. Jones Mort. (6th ed.) § 722; *Coutant* v. *Servoss,* 3 Barb. 128, 143. But as against others who have liens against portions of the mortgaged premises a release of a portion of them may be inequitable and justify the interposition of a court of equity. This, however, can never be unless the mortgagee had notice of the liens at the time of releasing a portion of the property. Jones Mort. (6th ed.) §§ 722, 1631. And the mortgagee is not obliged to search for subsequent liens when about to release a part of his security. Before he can be charged with any duty regarding the equities of the subsequent lienors "his conscience must be affected by knowledge of the facts upon which the equity depends or by notice sufficient to put him upon inquiry." *Sherman* v. *Foster,* 158 N. Y. 587, 596. Mere constructive notice arising from the record of the subsequent liens is not sufficient. There must be actual notice. *Vanorden* v. *Johnson,* 14 N. J. Eq. 376; *Conkling* v. *Weatherwax,* 173 N. Y. 43, 49. In the instant case the defendants' liens had not been filed at the time the release was given. And there is no proof that the mortgagee at that time had any knowledge of the defendants' claims. But even had the mortgagee had notice of defendants' claims when

the release was executed it does not follow that the release would be held inequitable. The mortgagee was under obligations to execute the release when certain conditions had been met by virtue of an agreement made two months before. Under such circumstances the release could be upheld although the mortgagee knew of the defendants' equities at the time he executed it. *Libby* v. *Tufts,* 121 N. Y. 172, 177, 178.

There is no special equity in favor of the defendants, for they did not furnish their material and labor with any knowledge of the condition of the mortgages on the property or of what the mortgages covered. In fact they had no knowledge on the subject. Their failure to make such inquiry should defeat any recovery unless they are protected by statute. *Trenton Banking Co.* v. *Duncan,* 86 N. Y. 221, 230.

The defendants claim that section 13 of the Lien Law gives them the right to attack the release. This they claim because their liens were filed before the release was recorded. That section gives priority to a mechanic's lien over a conveyance, judgment or other claim against the property not recorded until after the lien had been filed. But it is not necessary to consider whether this provision would aid the defendants if their liens were valid, because under the proof offered they are shown to be invalid. Randall's lien was defective in failing to specify the amount of materials actually furnished, as required by section 9 of the Lien Law. *Bossert* v. *Fox,* 89 App. Div. 7; affd., 180 N. Y. 546; *Bachmann* v. *Spinghel,* 164 App. Div. 725. The amendment of 1916 (chap. 507) to section 9 of the Lien Law does not change this rule. It is still necessary for the lien to state the agreed price or value of the labor performed or the materials furnished.

The liens of both defendants were filed more than

a year and no action had been begun on them nor had they been extended by order. This operated automatically to discharge them. Lien Law, §§ 17, 19. Nor do the defendants come within the exception contained in those sections. They proved that before a year had expired another lienor had filed a *lis pendens* and had commenced an action to foreclose his lien and had made these defendants parties. But there is no proof that either of these defendants was served with a summons in that action. The only proof is that the owner of the equity was served. Naming these defendants as parties in that action was not the commencement of the action against them. That could be done only by serving them with a summons. It is the actual commencement of an action against the particular lienors that is contemplated by sections 17 and 19. *Martin* v. *De Coppet,* 64 Misc. Rep. 385, 393, 394. Judgment for the plaintiff, with costs.

Judgment for plaintiff, with costs.