## UNITED STATES v. CERTAIN LANDS LOCATED IN THE TOWN OF HEMPSTEAD, NASSAU COUNTY, NEW YORK (DAMAGE PARCEL 211) et al.

Misc. No. 29.

District Court, E. D. New York.

Sept. 26, 1941.

Herman Berkowitz, of New York City, for claimant-owner.

Brodsky & Stone, of New York City (Irving Brodsky, of New York City, of counsel), for judgment-lienor.

Harry T. Dolan, Sp. Asst. to the Atty. Gen. (Thomas J. Gallagher, of Brooklyn, N.Y., Sp. Atty. for the Department of Justice, of counsel), for petitioner-plaintiff.

ABRUZZO, District Judge.

This proceeding was instituted by the United States of America, hereinafter called the government, to acquire by process of eminent domain certain lands in the Town of Hempstead, County of Nassau, for an addition to the Atlantic Northeast Airport and Depot, known as Mitchel Field. Damage parcel 211, involved in the present motion, was part of that land.

Commissioners of Appraisal were appointed by this Court to determine the fair and just compensation for each damage parcel; and pursuant to the order confirming their report, the value of damage parcel 211 was fixed at five hundred forty-six and no/100 ($546) dollars, to be paid to the owner of record.

Peter Radoslovich, the owner of record, by virtue of a deed from the Carleton Realty Co., has brought this motion for an order directing the payment of the award to him. Morris Steinberg has opposed the same, claiming the award as an unpaid judgment lienor.

The deed from the Carleton Realty Co. to Peter Radoslovich for damage parcel 211 was dated February 28, 1930, but it was not recorded until some sixteen months later on June 26, 1931. The owner testified before the Commissioners of Appraisal that he had paid eighteen hundred and

no/100 ($1,800) dollars for the property in question.

It develops that after February 28, 1930, and prior to June 26, 1931, or on May 25, 1931, Morris Steinberg, the claimant-judgment-lienor herein, obtained a judgment against the Carleton Realty Co. as the result of a foreclosure proceeding which covered a parcel of land including the damage parcel in question. Relying upon this judgment which became a lien on the property May 25, 1931, Morris Steinberg claims that the award payable to the claimant-owner should be made subject to the aforesaid judgment.

It is conceded that the legal status of these claimants must be determined pursuant to the New York State Law in view of the fact that there is no Federal Condemnation Statute, affecting this particular situation.

In support of his application for payment, the claimant-owner has cited Section 291 of the Real Property Law of the State of New York, Consol.Laws, c. 50, as follows: "Every such conveyance not so recorded is void as against any subsequent purchaser in good faith and for a valuable consideration, from the same vendor * * * of the same * * * property or any portion thereof, whose conveyance is first duly recorded."

In Sullivan v. Corn Exchange Bank, 154 App.Div. 292, 139 N.Y.S. 97, it was held that a mortgagee has a valid enforcible lien prior to the lien of a subsequent judgment creditor even though the mortgage was unrecorded. It has also been held in the case just cited, as well as in Obermeyer & Liebmann v. Jung, 51 App. Div. 247, 64 N.Y.S. 959, that a judgment creditor is not a "subsequent purchaser in good faith" within the meaning of Section 291 of the Real Property Law of the State of New York.

Trenton Banking Co. v. Duncan, 86 N.Y. 221, is authority for the principle that in the absence of fraud title by deed executed prior to entry of a judgment, although unrecorded, takes precedence over the judgment. See, also, Fox v. Sizeland, 170 Misc. 390, 9 N.Y.S.2d 350.

It is undisputed that the claimant-owner was a bona fide purchaser for value and that his deed was dated prior to the entry of the judgment by the lienor. No fraud was claimed or proven.

Under the circumstances, the judgment obtained by Morris Steinberg is not a lien against this property even though the deed, dated February 28, 1930, was not recorded until after the entry of the judgment.

Following the principle of law enunciated in the opinions cited herein, the award for damage parcel 211 is directed to be paid to the claimant-owner, Peter Radoslovich.

Settle order.