UNITED STATES v. CERTAIN LANDS LOCATED IN THE TOWN OF HEMPSTEAD, NASSAU COUNTY, NEW YORK (DAMAGE PARCEL 205) et al.

Misc. No. 29.

District Court, E. D. New York.

Sept. 26, 1941.

638

James M. O'Connell, of Mineola, N. Y., for claimant-owner.

Brodsky & Stone, of New York City (Irving Brodsky, of New York City, of counsel), for judgment-lienor.

Harry T. Dolan, Sp. Asst. to the Atty. Gen. (Thomas J. Gallagher, of Brooklyn, N. Y., Sp. Atty. for the Department of Justice, of counsel), for petitioner-plaintiff.

ABRUZZO, District Judge.

The above entitled proceeding was instituted by the petitioner-plaintiff, to acquire by process of eminent domain certain lands in the Town of Hempstead, County of Nassau, for an addition to the Atlantic Northeast Airport, known as Mitchel Field. Damage parcel 205, involved in the present motion, was part of that land.

Commissioners of Appraisal were appointed by this Court; and pursuant to the terms of the order confirming their report, the award made for damage parcel 205 amounted to $495.90, including lawful interest.

Thereafter, the claimant-owner of record, Bertha Spiegel, brought a motion for an order directing that the award be paid to her. Morris Steinberg, as judgment creditor, opposed the motion, claiming that the award should be paid subject to his lien. On March 24, 1941, this Court sustained the contention of the judgment creditor and directed that the award be paid to him. No order has been entered on this decision.

On July 11, 1941, a motion for a reargument of this matter was brought by Bertha Spiegel, claimant-owner of record.

The Court's attention has now been called to Section 291 of the Real Property Law of the State of New York, Consol. Laws, c. 50, which provides in substance that an unrecorded deed is void as against a subsequent purchaser in good faith and that a judgment creditor, according to decisions interpreting this act, is not a purchaser within the meaning of the aforesaid section. At the time of the decision of March 24, 1941, the Court's attention was not directed to the provisions and interpretations of this statute insofar as the point at issue was concerned and same was overlooked.

The Court has amply reviewed the point at issue in United States v. Certain Lands in Town of Hempstead, County of Nassau, and Eastern District of State of New York, 41 F.Supp. 636, decided by this Court on September 26, 1941.

Under Section 291 of the Real Property Law of the State of New York and the decisions interpreting it, the claimant-owner of the property in question is entitled to the award. Her claim is paramount and superior to that of the judgment-lienor.

The decision of March 24, 1941, is erroneous. The motion for reargument is granted and it is directed that the award be paid to Bertha Spiegel, the owner of record.