HENRY N. CONKLIN et al., Appellants, *v.* JOHN BAUER et al., Respondents.

*It seems*, that under the mechanics' lien law of 1862 for the counties of Kings and Queens (chap. 478, Laws of 1862), an equitable owner under an executory contract of purchase has no estate or interest in the premises "upon which a lien will attach for materials furnished for the erection of a building thereon," and the contract is not of itself evidence of a permission to build given by the legal to the equitable owner.

(Argued April 30, 1875; decided May 25, 1875.)

THIS was an action to foreclose a mechanics' lien upon certain premises in the city of Brooklyn, alleged to have been created under the act chapter 478, Laws of 1862.

The legal title to the premises in question was in defendant Bauer. He made a verbal contract to sell the same to defendant Schonnenberger. The latter immediately commenced erecting a building on the premises, purchasing materials from plaintiff, who filed a notice of lien against the premises. Issues were settled and tried, among others the following: Did the defendant Bauer permit the defendant Schonnenberger to erect a building on his land, as alleged? The jury answered, no. *Held*, as above (*Rollin* v. *Cross*, 45 N. Y., 766 ; *Erwin* v. *Olmsted*, 7 Cow., 229 ; *Kellogg* v. *Kellogg*, 6 Barb., 116), and that as the evidence on the question of permission was conflicting it was properly submitted

to the jury, but that as there was no request to the court to instruct the jury to answer the question in the affirmative or to give any specific instruction, and no exception to any portion of the charge which would present the question, it was not properly before the court.

*Anthony Barrett* for the appellants.

*George H. Fisher* for the respondents.

ALLEN, J., reads for affirmance.
All concur.
Judgment affirmed.