DARIUS A. MOORE and WILLIAM A. MOORE, Appellants, *v.* WILLIAM McLAUGHLIN and EMILY LAVOY, Respondents, Impleaded with Others.

*Mechanic's lien — consent of a contract vendor to the building of a house by the vendee — service upon the vendee does not commence the action against the vendor.*

Where a parol contract is made by the owner of a lot to sell the lot to a person who erects thereon a house, set upon blocks and posts, such contract of sale cannot be construed as a consent, within the meaning of the Mechanics' Lien Law, on the part of the vendor and owner of the lot to the building of the house.

THIRD DEPARTMENT, DECEMBER TERM, 1896.          [Vol. 11.

In such a case, there being no joint contract, and there being no union of interest between the vendor and owner and the vendee and builder of the house, service of process upon the vendee is not, within section 398 of the Code of Civil Procedure, the commencement of the action against the unserved vendor and owner, although the latter is named as a party defendant in the process.

APPEAL by the plaintiffs, Darius A. Moore and another, from a judgment of the Supreme Court in favor of the defendants, William McLoughlin and Emily Lavoy, entered in the office of the clerk of the county of Franklin on the 5th day of March, 1896, upon the decision of the court rendered after a trial at the Franklin Circuit before the court without a jury dismissing the plaintiffs' complaint.

*John A. Vance*, for the appellants.

*Kellas & Munsill* and *John P. Kellas*, for the respondents.

MERWIN, J. :

The plaintiff in this case sought to foreclose a mechanic's lien, notice of which was filed on September 2, 1891. The defendant McLaughlin was alleged to be the owner, and a lien was claimed on his interest in the premises. The materials for the amount of which a lien was claimed were furnished to one Charles Lavoy, and were used by him, in whole or in part, in constructing a house upon a lot the title of which was in McLaughlin, who had contracted by parol to sell the lot to Lavoy. This action was commenced as against McLaughlin on January 9, 1892. Charles Lavoy was named as a defendant, but process was not served upon him or left with any one for service. He resided in Franklin county and died there on September 10, 1892. In October, 1894, Emily Lavoy, the widow of Charles Lavoy, was brought in as a party defendant, she then being in possession of the house.

The main question as to the defendant McLaughlin is whether the house was built with his consent within the meaning of the statute. The court found as matter of fact that it was not. This finding should not, under the circumstances of this case, be disturbed. The fact simply that such a contract to sell was made did not show the requisite consent. (*Conklin* v. *Bauer*, 62 N. Y. 620; *Craig* v. *Swinerton*, 8 Hun, 144.) That was a matter to be determined from the conduct of the parties and the surrounding circumstances. It

was not, as in some cases cited, a part of the contract that improvements should be made. Nor was the house built in such a way that, as between the parties, it necessarily became a part of the real estate. It was set on blocks or posts upon the top of the ground without cellar or cellar walls or underpinning. It could be moved at any time, and, in subsequent dealings between McLaughlin and Lavoy, it was regarded as movable property, and McLaughlin claimed no interest in it. It did not add to McLaughlin's security.

The complaint was properly dismissed as to the defendant Emily Lavoy. The action was not commenced against her within the year allowed by the statute (§ 6, chap. 342 of 1885), and it was not commenced at all against Charles Lavoy, her predecessor in interest. It is suggested that as Charles Lavoy was named a defendant in the suit as originally brought, the action was commenced as against him by service on his co-defendant McLaughlin, within the meaning of section 398 of the Code of Civil Procedure, which provides that an action shall be deemed commenced against a defendant when the summons is served " on a co-defendant who is a joint contractor, or otherwise united in interest with him." There was no joint contract between the plaintiff and McLaughlin and Lavoy, nor was McLaughlin " united in interest" with Lavoy. The interests of a vendor and of a vendee are separate and distinct. If a liability in this action existed against them both, it was not upon the same basis.

There is no ruling upon evidence that need be specially considered. It is not clear that there was any error in that regard, but, if so, it did not materially affect the result.

All concurred.

Judgment affirmed, with one bill of costs to respondents.