(64 Misc. Rep. 385.)

MARTIN v. DE COPPET et al.

(Supreme Court, Special Term, New York County. August 2, 1909.)

1. LIMITATION OF ACTIONS (§ 172*)—DISCHARGE—FAILURE TO COMMENCE ACTION—RIGHT TO INTERPOSE DEFENSE.

The principal contractor on a building having been adjudged a bankrupt before a subcontractor, who furnished labor and materials to the contractor, filed a lien, the trustee in bankruptcy has an interest in the subject-matter of, and is a necessary party to the action to foreclose the lien, and therefore has the right to interpose the defense that the lien was discharged under Lien Law (Laws 1897, pp. 522, 523, c. 418) §§ 16, 18, because of failure to commence the action within a year after the filing of notice of lien.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 172.*]

2. LIMITATION OF ACTIONS (§ 172*)—DISCHARGE—FAILURE TO COMMENCE ACTION—RIGHT TO INTERPOSE DEFENSE.

So another subcontractor, a creditor of the contractor, and therefore pro hac vice of his trustee in bankruptcy, and who himself is a lienor, may interpose such defense.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 172.*]

3. MECHANICS' LIENS (§ 144*)—NOTICE.

Under Lien Law (Laws 1897, p. 518, c. 418) § 9, par. 4, providing that the notice of lien shall state the labor performed or to be performed, or materials furnished or to be furnished, it is not necessary that the notice, showing plainly on its face that all the work and materials, for which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lien is claimed, have been done and furnished, should also state that none of it remains to be performed.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 241; Dec. Dig. § 144.*]

4. MECHANICS' LIENS (§ 260*)—DISCHARGE—COMMENCEMENT OF ACTION.

Within Lien Law (Laws 1897, pp. 522, 523, c. 418) §§ 16, 18, by which a lien is discharged, unless otherwise continued, by failure to commence an action to foreclose within a year after the filing of notice of lien, the action is not commenced by service on part only of the necessary defendants; others, the principal contractor and other lienors, not having a joint· or united interest with those served, and Code Civ. Proc. § 398, providing that an action is commenced against a defendant when the summons is served on him, or on a codefendant who is a joint contractor or otherwise united in interest with him.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 260.*]

5. MECHANICS' LIENS (§ 260*)—CONTINUANCE—MAKING LIENOR PARTY TO ACTION ON ANOTHER LIEN.

The mere naming, in the summons and complaint served only on others in an action to foreclose a mechanics' lien, of another lienor as a defendant, did not make him a party to the action, so as to keep his lien alive,. though he did not commence an action within a year of his notice of lien to foreclose his lien, within Lien Law (Laws 1897, p. 522, c. 418) § 16, providing that if a lienor is made a party defendant in an action to enforce another lien, and the plaintiff or such defendant has filed a notice of the pendency of the action within the time prescribed, the lien of such defendant is thereby continued.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 260.*]

6. MECHANICS' LIENS (§ 260*)—CONTINUANCE—MAKING LIENOR PARTY TO ACTION ON ANOTHER LIEN.

Within Lien Law (Laws 1897, p. 522, c. 418) § 16, providing that no lien shall be a lien for more than a year after the filing of the notice of lien, unless within the time an action to foreclose the lien is commenced,. but if a lienor is made a party defendant to an action to foreclose another action his lien is thereby continued, he having been named as a defendant in the action and served with· summons therein within the year for commencing the action, his lien is continued, though other defendants therein are not served within such time.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 260.*]

Action by John Martin against Henry De Coppet and others. Judgment against plaintiff and for certain defendants.

John J. Gleason, for plaintiff.
Stewart & Shearer, for defendant De Coppet.
Louis Hasbrouck Newkirk, for defendant Wagner.
John J. Gleason and Frederick S. Rauber, for defendant Quinn.
John H. Taylor, for defendants Adolph Grant & Co.
W. E. Benjamin, for defendants Coleman & Krause.
John C. Thompson, for defendant James H. Young Stone Co.

GIEGERICH, J.   The action is to foreclose a mechanic's lien, against the premises known as No. 754 Park avenue, in the borough of Manhattan, New York City, of which the defendant Laura Fawcett De Coppet is the owner.   Charles Gilpin is the principal contractor, and all the liens involved in the action are for labor and materials furnished to him by subcontractors.   Gilpin was adjudged a bankrupt on February 26, 1906, two days before any of the notices of lien in

suit were filed, and the defendant Louis Wagner was thereafter appointed his trustee in bankruptcy. The plaintiff is, the assignee of two lienors, viz., William Young for $1,100 and the J. L. Mott Iron Works for $585. The action is predicated upon two causes of action, one on each of the liens aforementioned. At the trial the second cause of action, which is based upon the lien of the J. L. Mott Iron Works, was withdrawn, because it is included in the lien of the said William Young, and the plaintiff seeks to enforce the latter only. The lien of Young, the plaintiff's assignor, was filed on February 28, 1906, and assigned by him to the plaintiff on January 22, 1907. It was not continued by order of court.

No question has been raised as to the performance of the contract nor as to the correctness of the amount of the liens in controversy. The answer of the defendant trustee in bankruptcy alleges that the plaintiff and his assignors have failed to begin an action to foreclose such liens, or either of them, or to secure an order continuing them, or either of them, within one year from the time of filing such notices of lien, or either of them, in accordance with the lien law. The answer of the defendant James H. Young Stone Company sets up that this action was not begun against certain defendants therein named, or any of them, within the period of one year from February 28, 1906, the date of the filing of the notices of lien, that each of them is a necessary party defendant to any action to foreclose said liens, and that by reason of the failure of the plaintiff to begin an action against such defendants within said time the right of the plaintiff to enforce them has ceased, terminated and lapsed.

At the time when the action was commenced section 18 of the lien law (Laws 1897, p. 523, c. 418) provided:

"A lien other than a lien for labor performed or materials furnished for a public improvement specified in this article may be discharged as follows: * * * (2) By failure to begin an action to foreclose such lien or to secure an order continuing it within one year from the time of filing the notice of lien"

Section 16 of the lien law among other things, also provided:

"No lien specified in this article shall be a lien for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to foreclose the lien and a notice of the pendency of such action * * * is * * * filed * * * unless an order be granted within one year from the filing of such notice by a court of record continuing such lien. * * * No lien shall be continued by such order for more than one year from the granting thereof, but a new order and entry may be made in each successive year."

The right of the said defendants to interpose such defenses is challenged by the plaintiff. When Gilpin was adjudged a bankrupt, no lien had been filed against the property in suit, and the debt owing to him as the contractor passed to his trustee in bankruptcy. If any of the subcontractors failed to file a notice of lien within the prescribed period, the amount of their claims went to the contractor's trustee in bankruptcy, instead of being deducted from the sum due the contractor from the owner. The same result would follow where a lien was filed, but no action was commenced to foreclose the same,

nor the lienor made a party to an action to foreclose another lien on the same property, within one year after the filing of the notice of lien, and there was no continuance of the lien by order of the court. The trustee in bankruptcy has therefore an interest in the subject-matter of the action and is a necessary party defendant. He is thus in a position to plead the defense so interposed. The defendant James H. Young Stone Company had also the right to put in the defense so pleaded by it, since it is a creditor of the contractor, and therefore pro hac vice of his trustee in bankruptcy.

The notice of pendency of action was filed on February 27, 1907, but the defendant Quinn was not served with a copy of the summons and complaint until January 30, 1908, more than 11 months after he had filed a notice of lien; no order extending the lien having been granted. The defendant Wagner, as trustee in bankruptcy, was not named in the original summons as a party to this action; but on February 17, 1908, an order was made amending the summons and complaint by inserting his name in the title of the action. On March 16th of the same year the amended summons and complaint were served on such trustee in bankruptcy, and on March 20th service thereof was effected upon the defendant Gilpin, the contractor. The lien of the defendant James H. Young Stone Company was continued in force by order of the court, and it was in force after all the parties to the action were made parties thereto, including the owner, the principal contractor, his trustee in bankruptcy, and the other lienors. The liens of the defendants Adolph Grant & Co. and Coleman & Krause were both filed on February 28, 1906, and continued by order of this court for another year from their expiration, to wit, from February 28, 1907, to February 28, 1908. As already stated, the lis pendens was filed on February 27, 1907, and on the same day the summons and complaint were served on these defendants. These liens have, therefore, not expired, as claimed by certain defendant lienors, nor are they defective, as maintained by them.

In support of the last point it is urged that the lien of Coleman & Krause is defective in that it "fails to state whether or not all the work has been performed," and that "the lien of Adolph Grant & Co. is defective in that it fails to state whether or not all the labor had been performed when the lien was filed." The lien law (section 9, par. 4) requires, among other things, that the notice of lien shall state "the labor performed or to be performed, or * * * materials furnished or to be furnished, and the agreed price or value thereof." The notices of lien of the said defendant fully comply with these statutory requirements. That of Adolph Grant & Co. states: "All the labor has been performed" and "all the material has been furnished," and that the "amount unpaid for such labor and material" is $209.45. The notice of Coleman & Krause states "the labor performed and the materials furnished was," giving the agreed price and value of labor and material separately, and stating the amount unpaid therefor. The statute does not require an additional and superfluous statement that none of the work or materials for which the lien is claimed remains "to be performed." The notices of lien under discussion are not in the alternative, but show plainly on their face that

all the work and materials have been done and furnished for which the lien is claimed.

The trustee in bankruptcy claims that, as he was not made a party to this action until after the plaintiff's lien and certain other liens had fallen, he has the right to invoke the benefit of the statute requiring the action to foreclose such liens to be begun within one year from the date of filing the same, and that he is entitled to the amount of such liens, because the owner will not be required to pay the same to the plaintiff, as the assignee of the lienor William Young, or to such other lienors, because of the failure to commence such action within the required period. It is urged in support of this proposition that the filing of the complaint and notice of pendency of action was not the commencement of the action. The filing of such papers was not necessary to the institution of the action. That could only be done by the service of the summons on the defendants. Cattaberry v. Knox, 17 App. Div. 372, 45 N. Y. Supp. 272.

As the contractor, as well as some of the defendants who had filed liens, was not served with a copy of the summons before the period limited for the commencement of an action to foreclose the same had expired, the question arises whether or not the action shall be deemed commenced within the provisions of section 16 of the lien law, which has since been incorporated into section 17 of the new lien law, relating particularly to mechanics' liens (Laws 1909, c. 38, art. 2). The plaintiff contends that since the notice of lien so assigned to him by William Young complied fully with the requirements of the statute, and he in good faith made parties defendants all other lienors of record, the owner, and contractor, the action should be deemed commenced, although all of those named in the summons as defendants, including the contractor and his assignee in bankruptcy and the defendant Quinn, were not served during the life of the lien assigned to him (the plaintiff) as aforesaid. I am of the opinion, however, that the action can only be deemed to be commenced within the meaning of the statute when all the necessary defendants are served. I do not think that the service of the summons and complaint upon a part of the defendants can have the effect of commencing an action. Section 398 of the Code of Civil Procedure provides that an action is commenced by the service of the summons on the defendant, and also provides, in case of joint defendants, or where they are otherwise united in interest, the action shall be deemed commenced by the service of the summons upon one of them, thus implying conversely that, where the interest of the defendants is not joint, service upon all is necessary to commence the action. Kelsey v. Rourke, 50 How. Prac. 315, 320; Smith v. Gault, 5 Month. Law Bul. 54; Henry v. Lynch (Com. Pl.) 1 N. Y. Supp. 780; Neuchatel Asphalt Co. v. Mayor, 9 Misc. Rep. 376, 30 N. Y. Supp. 252; Moore v. McLaughlin, 11 App. Div. 477, 42 N. Y. Supp. 256; Burton Co. v. Cowan, 80 Hun, 392, 30 N. Y. Supp. 317, affirmed 150 N. Y. 583, 44 N. E. 1123. Here the interests of the different lienors and the contractor, so far from being joint or united, are, as above shown, each adverse to all the others. Smith v. Gault, supra; Henry v. Lynch, supra; Moore v. McLaughlin, supra.

When a statute prescribes that an action must be begun within a limited time, it is implied that it should be begun against the person who may take advantage of the limitation, and not against other persons not in the same interest. That the principal contractor was a proper party defendant is sustained by authority. H. B. C. Co. v. N. Y. C. & H. R. R., 145 N. Y. 390, 40 N. E. 86; Freese v. Avery, 57 App. Div. 633, 69 N. Y. Supp. 150; Maneely v. City of N. Y., 119 App. Div. 376, 387, 105 N. Y. Supp. 976. In Henry v. Lynch, supra, the plaintiff, a subcontractor, brought suit to enforce his mechanic's lien. The defendants were the city, the principal contractor, and the assignee of his claim against the city. Section 1836 of the consolidation act, in force at the time, provided that the lien might be discharged by lapse of time if no action was commenced within 90 days after filing of the claim. N. Y. City Consolidation Act (Ash, 1891) p. 754 (Laws 1882, p. 441, c. 410). The plaintiff served the assignee of the contractor within the 90-day period, but did not serve the city or the contractor until after that time. Judge Van Hoesen said:

"Their right of action was (1) against Lynch and (2) against the city; they claiming under the lien law access to the money which the city owed to Lynch. * * * The parties were in contemplation of law adverse in interest, and not united in interest. * * * I think that the service of a summons upon him (Mahon) cannot be regarded as the commencement of the action against Lynch or against the city."

In Smith v. Gault, supra, Judge J. F. Daly, in disposing of a similar question, used the following language:

"The claimant plaintiff, having failed to serve the defendant owner of the premises with the summons in this action to foreclose mechanics' liens within 90 days and within the time allowed by the Code (section 399), has lost his lien. Service on other lienors whom he has made parties defendant with the owner does not commence the action as against the latter under section 398 of the Code, because they are not united in interest with him. The liens of these defendants also fall because of the failure of plaintiff to maintain this action, they not having commenced independent actions within the 90 days prescribed by the lien act."

In Moore v. McLaughlin, supra, the plaintiff sought to foreclose a mechanic's lien for building materials furnished against the vendor and vendee of certain premises. The materials were furnished to the vendee. The vendor was served within one year. The vendee was not served until after the year had expired. The court declared that there was no joint contract between the plaintiff and the vendor and vendee, nor was the vendor "united in interest" with the vendee within the meaning of the Code, adding:

"The interests of a vendor and of a vendee are separate and distinct. If a liability in this action existed against them both, it was not upon the same basis."

On reason and authority it must be held that the lien which was so assigned to the plaintiff by the said William Young must fall because he did not commence his action by the service of a copy of the summons upon all the defendants within the one-year period. The statute prescribes this short period of limitation quite apparently for the purpose of making lienors vigilant in enforcing their liens, and thus giving the owners of real estate the advantage of an early

determination of questions affecting the title to their property. It would entirely defeat its purpose if a lienor could by service upon one or more of the defendants within the year be deemed to have commenced his action within that time, and then have an indefinite additional period to complete the service. In this case service upon all the defendants was not complete until more than a year after the expiration of the allotted time. If it was impossible to complete service within the year, an order could have been obtained continuing the lien for one year, or the summons and complaint could have been delivered to the sheriff for service, which would have constituted a commencement of the action. Code Civ. Proc. § 399. Neither of these things was done, and the lien which the plaintiff seeks to foreclose by this action expired by limitation and is no longer of any force or effect.

The lien of the defendant Quinn was filed on February 28, 1906. No action was commenced by him within the year, nor was any order obtained extending it. He, however, relies upon that portion of section 16 of the former lien law which provided:

"If a lienor is made a party defendant in an action to enforce another lien, and the plaintiff or such defendant has filed a notice of the pendency of the action within the time prescribed in this section, the lien of such defendant is thereby continued. Such action shall be deemed an action to enforce the lien of such defendant lienor."

The difficulty with this contention is that he was not served with a copy of the summons and complaint until January 30, 1908, long after his lien had expired. The mere naming him in the summons and complaint, which was served on other defendants, but not on him, did not make him a party to the action. As hereinbefore shown, he could become a party defendant only by being served or by appearing voluntarily. Moreover, the service of the summons and complaint could not have the effect of reviving the lien in question, which, as above stated, had already expired when such service was made. The provisions of section 16 above quoted are enabling in their nature, and were not enacted to cure defects of this character, and the clause contained in said section, that "no lien shall be a lien for a longer period than one year after the notice of lien has been filed unless within that time an action is commenced to foreclose the lien," applies to defendants as well as to plaintiffs.

The defendants Coleman & Krause and Adolph Grant & Co. were served with a copy of the summons and complaint during the lives of their respective liens, and therefore their liens come under that portion of section 16 of the lien law above quoted. The validity of their liens cannot be made to depend in any manner upon the disposal of the plaintiff's lien in this action. Whether the plaintiff succeeds or not is immaterial to them, for they come squarely within the above-mentioned statutory provisions. Nor do I think, as contended for by the trustee in bankruptcy, that because the summons and complaint were not served upon him until after certain liens now under consideration would have expired, they consequently did expire. All that is required to save the lien is that the lienor be made a party to an action to foreclose the lien and that the summons be served upon

him before it expires. It does not require him, however, at his peril, to see that all the other defendants are served within that time. Such a rule might often entail great hardship upon a lienor.

Judgment is therefore granted establishing the liens of the defendants Adolph Grant & Co., Coleman & Krause, and the James H. Young Stone Company, with interest, to be paid in the order of priority of filing out of the fund due the contractor from the owner, and disallowing the liens of the plaintiff and the defendant Quinn. It is stated in one of the briefs submitted that "the fund on hand is almost, but not quite, sufficient to pay the face of the liens, exclusive of interest and costs to the lienors." No direction for the payment of any surplus to the trustee in bankruptcy can therefore be made, nor will any costs be allowed to either of the parties as against any of the others.

The form of the decision and judgment which is to be entered hereon may be presented upon five days' notice of settlement.