FURZE v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. July, 1915.)

1. MECHANICS' LIENS ☞260—COMMENCEMENT OF ACTION—NECESSARY PARTIES
    —OTHER LIENORS—STATUTE.

Under Lien Law (Consol. Laws 1909, c. 33) § 44, providing that, in an action in a court of record to enforce a lien, all lienors having liens against the same property, or any part thereof, are necessary parties defendant, plaintiff's action to enforce a lien on a public improvement was not commenced before expiration of the lien when prior service of process was not had upon all of the other lienors.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 456, 458–468; Dec. Dig. ☞260.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. MECHANICS' LIENS** ⊜⟶284—ACTION TO ENFORCE—MOTION TO DISMISS—POW-ER OF COURT.

Where plaintiff sued to enforce a mechanic's lien upon a public improvement, which action was not commenced until after the lien had expired because other lienors, necessary parties defendant by statute, were not served with process, the court before trial could entertain a motion to dismiss plaintiff's lien on the ground that it had expired.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 575; Dec. Dig. ⊜⟶284.]

Action by Harry Furze against the City of New York and others to enforce a lien on a public improvement. Motion granted to dismiss on the ground that the lien has expired.

Lexow, Mackellar & Wells, of New York City (T. Tileston Wells, of New York City, of counsel), for plaintiff.

M. Carl Levine, of New York City, for defendant McCartney Const. Co.

GIEGERICH, J. [1] The substantial question in this case is controlled by Martin v. De Coppet, 64 Misc. Rep. 385, 118 N. Y. Supp. 523. As all the other lienors were necessary parties by provision of the statute (section 44 of the Lien Law), the action was not commenced until they were all served; none of them being united in interest. Martin v. De Coppet, supra, and cases cited. It may be conceded that the lodging with the sheriff of the summons upon several of the defendants, followed by service upon them or their appearance within 60 days thereafter, was sufficient under section 399 of the Code of Civil Procedure, so far as those defendants were concerned, but that does not help the plaintiff's case, because there were still other defendant lienors who were not served until after the lien had expired.

[2] The plaintiff in his brief seems to question the power of the court to entertain such a motion as this in advance of the trial, but he neither cites cases nor argues the point, and I can see no reason why the relief should not be given now, thus permitting the other lienors, without further delay, to divide the fund in question in the manner agreed upon among them. The facts as shown upon this motion are undisputed, and nothing that can happen hereafter can alter the respective rights of the parties on the point involved in this motion.

Motion granted, with $10 costs. Settle order on notice.

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes