■ In the Matter of FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent. DAVIS REFRIGERATION CO., Appellant; DELAWARE SUITES, INC., Respondent.—Order unanimously affirmed, with costs. Memorandum: Appellant performed services and supplied material for the improvement of real property owned by Delaware Suites, Inc. Claiming an unpaid bill therefor, it filed a mechanic's lien against the property which was subsequently discharged upon condition that a bond be posted to secure the debt. Respondent, Fidelity and Deposit Company of Maryland, supplied the bond. More than a year has elapsed and the lien has not been extended by any means specified in section 17 of the Lien Law, i.e., (1) appellant has not commenced an action to foreclose the lien, (2) it has not obtained an order extending the lien within one year and (3) it has not been named as a party defendant in an action to foreclose a third party's lien on the property. Accordingly, Special Term ordered that respondent's bond be canceled. Appellant contends that Special Term erred and that its claimed lien is still viable under the provisions of subdivision (2) of section 19 of the Lien Law because a foreclosure action was instituted by another lienor of the property, albeit appellant was not named or made a party to that action. Foreclosure of a third party's lien on the subject property, standing by itself, is not sufficient to extend the life of appellant's lien. Although the language of subdivision (2) of section 19 of the Lien Law is somewhat broader than that found in section 17, the Legislature's manifest purpose in enacting these sections was to limit the period of time real property could be burdened by a mechanic's lien. Unless a lienor pursues one of the methods prescribed in section 17 to preserve its lien, its lien lapses (see Jensen, Mechanic's Liens [4th ed], § 293, p 297; contra 3 Warren Weed, New York Law of Real Property, Mechanic's Liens, § 10.06, p 422). (Appeal from order of Erie Supreme Court—discharge lien.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Moule, JJ.