OPINION OF THE COURT
David B. Saxe, J.
Is a mechanic’s lienor, who is made a party defendant in an action to enforce another contractor’s mechanic’s lien, precluded from thereafter seeking a further court order to have its lien continued? This issue arises in two separate actions, and I will treat the two motions in Northern Piping & Sprinkler Corp. v Tri-Equities, Inc. (index No. 7411/85) and in Morrell-Brown Plastering Corp. v Tri-Equities, Inc. (index No. 18864/85) as a single motion.
In each action, the defendants move to vacate the mechanic’s liens, one filed by Northern Piping and Sprinkler Corp. (Northern), the other by Morrell-Brown Plastering Corp. (Morrell). Both Northern and Morrell are seeking orders continuing their liens on the defendants’ property.
Northern is a piping and sprinkler subcontractor. Morrell is a plastering subcontractor. Pursuant to separate agreements with codefendant general contractor Harry C. Partridge and Sons, Inc. (Partridge), the plaintiffs furnished labor and supplied materials for 400 Broome Street, New York, New York (premises). The agreed-upon price of the work performed and materials supplied by Northern was $226,710.14, upon which Northern claims that it is owed $51,478.14. The agreed-upon price of the work performed and materials supplied by Morrell was $37,000, and Morrell claims it is still owed $23,000.
On April 14, 1984, Northern filed a notice of mechanic’s lien against the premises; on August 14, 1984, Morrell filed a notice of mechanic’s lien. Each lienor then brought an action to recover the fair and reasonable value and agreed-upon balance due to it by defendants for its work, labor, services and material. Thereafter, in the fall of 1984, an action was commenced in this court by another subcontractor, Demo Painting Contractor, Inc. (Demo), seeking foreclosure on its own lien, and Demo filed a notice of pendency. In addition to owner Tri-Equities and general contractor Partridge, Northern and Morrell were also included as defendants in Demo’s action.
On April 3, 1985, Northern applied for a renewal of its lien, which was granted. On July 12, 1985, Northern asserted an *295 answer and cross claims to the Demo complaint, in which Northern sought foreclosure of its lien (in its cross claim).
The notice of pendency filed by Demo on September 17, 1984 was never renewed and lapsed pursuant to the provisions of CPLR 6513 on September 17, 1987. The Demo action was stayed when Partridge filed for bankruptcy in the Southern District of New York. Northern renewed its lien on April 3, 1986, March 24, 1987, March 16, 1988 and March 14, 1989. Morrell renewed its lien on August 8, 1985, August 4, 1986, August 3, 1987, July 29, 1988 and July 11, 1989. Both lienors are now moving for a further extension of their liens.
Defendants now move to vacate the subcontractors’ liens, claiming that the renewal orders were in violation of Lien Law §§ 17 and 19. The issue is the validity of the liens at this time and whether Northern and Morrell can claim the right to obtain renewals.
Pursuant to section 19 of the Lien Law, a lien for private improvement may be discharged by failure to begin an action to foreclose such lien or to secure an order continuing it, within one year from the time of filing the notice of lien, unless an action be begun within the same period to foreclose a mortgage or another mechanic’s lien upon the same property or any part thereof and a notice of pendency of such action is filed according to law. Under section 17 of the Lien Law, if a lienor is made a party defendant and has filed a notice of the pendency of the action within the time prescribed by law, the lien of such defendant is thereby continued. The filing of a lis pendens by plaintiff is sufficient to save the rights of defendant lienors without their filing separate notices of pendency in the action.
Consequently, when Demo brought a foreclosure action against Northern and Morrell, its notice of pendency extended their liens until the three-year period ended (see, CPLR 6513). However, this did not prevent Northern and Morrell from continuing their liens by court order. Section 17 of the Lien Law provides that a lienor may continue a lien either by commencing an action to foreclose the lien and filing a notice of pendency or by obtaining an order granting continuation of the lien (see, Matter of Fidelity & Deposit Co. [Davis Refrig. Co. — Delaware Suites], 75 AD2d 707). Nowhere in section 17 does it state that if a lienor is made a party defendant in an action to enforce another lien, said lienor is precluded from seeking court orders to continue its lien. Nor does it matter *296 that the lienor cross-claims for foreclosure in the other lien- or’s action. The lienor may still seek an order extending the lien (see, Madison Lexington Venture v Crimmins Contr. Co., 159 AD2d 256).
Defendants claim that Northern and Morrell received extension of their liens by supplying false statements, in that Northern incorrectly stated on a 1986 motion to renew its lien that it had not appeared in the Demo action, and Morrell did not mention the Demo action in its motions to renew its lien.
Northern agrees that it made an error on the 1986 motion. However, it did state that it was a party to the Demo action and from 1986 on, claimed that the action was stayed due to the bankruptcy of Partridge. Northern also stated that its lien remained unsatisfied.
Morrell concededly did not mention the Demo action, but simply stated that it was owed $22,000 and that it desired to have the lien continued in order to preserve its rights.
Pursuant to section 23 of the Lien Law, the provisions of the Lien Law are to be construed liberally to secure the beneficial purpose envisioned by the Legislature. Therefore, I find that Northern and Morrell had supplied sufficient information for proper continuation of their liens. Their liens had not expired when Demo’s notice of pendency lapsed, and they successively and timely continued those liens. Accordingly, defendants’ motions to vacate the liens are denied.