■ In the Matter of ASSAY PARTNERS, Respondent, v ECONOWATT CORP., Appellant.—Order, Supreme Court, New York County (David Edwards, J.), entered June 11, 1990, which granted a petition brought pursuant to section 17 of the Lien Law for vacatur of a certain mechanic's lien filed by respon-

dent Econowatt Corp. on or about July 5, 1988 as against premises described as 32 Old Slip, New York, New York, and which directed the Clerk of the Court to vacate and cancel the same on service of a copy of the order with notice of entry, unanimously affirmed, with costs.

Respondent did not renew its mechanic's lien against the premises, which expired by operation of law on or about July 6, 1989. Rather, respondent relies on a notice of pendency filed by a second creditor as a named defendant in an action commenced by a third creditor. The respondent was not served with papers in this additional action, nor is it even named specifically as a party, but claims to be one of ten "John Doe" parties named as fictitious defendants in the third creditor's action.

Lien Law § 17 provides for the automatic extension of a lienor who is a party to a notice of pendency filed by another. Relying on *Martin v de Coppet* (64 Misc 385) the IAS Court held that a creditor is not a party to a notice of pendency within the meaning of Lien Law § 17 unless it has been served with process in that action *(see also, Furze v City of New York,* 154 NYS 912). This remains a valid rule of law and the IAS Court properly relied on it. Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.