■ In the Matter of FLINTLOCK REALTY & CONSTRUCTION CORP., Respondent. GRAWER BEAR CONSTRUCTION CORP., Appellant.—In a proceeding pursuant to Lien Law § 17 to discharge and cancel an undertaking furnished by the petitioner Flintlock Realty & Construction Corp. to secure and discharge a mechanic's lien, Grawer Bear Construction Corp. appeals from a judgment of the Supreme Court, Westchester County (Delaney, J.), dated August 22, 1990, which granted the petition and discharged the undertaking, and which denied its cross application to extend its lien, and to amend its complaint in a related action.

Ordered that the judgment is affirmed, with costs.

Contrary to the appellant's contention, we find that the Supreme Court properly granted the petitioner's application to discharge and cancel its undertaking. Lien Law § 17 provides, *inter alia,* that a private improvement lien is effective only for one year from the date of filing unless, within such one-year period, the lienor commences an action to foreclose the lien or secures an extension of the lien *(see,* 3 Warren's Weed, New York Real Property, Mechanics' Lien, § 10.01 [4th ed]). While the statute, as amended in 1989, now allows a lienor to obtain an initial one-year extension by filing an extension in the County Clerk's office, under the law as it existed when the subject lien was filed in 1987, an extension could only be obtained by court order *(see, Matter of Binghamton Masonic Temple v Armor El. Co.,* 186 AD2d 338). The requirements of Lien Law § 17 are applicable where, as here, a mechanic's lien has been "discharged by deposit or by order on the filing of an undertaking" (Lien Law § 17).

In the instant case, it is uncontroverted that the appellant filed a notice of mechanic's lien in the Westchester County Clerk's office on or about April 8, 1987, but took no steps to preserve its lien by seeking a court order extending the lien, or by commencing an action to foreclose upon the lien. Thus, the lien expired by operation of law on or about April 8, 1988, one year after it was filed *(see, Matter of Assay Partners v Econowatt Corp.,* 176 AD2d 180; *Matter of Fidelity & Deposit Co. [Davis Refrig. Co.—Del. Suites,* 75 AD2d 707; *Spartan Concrete Corp. v Harbour Val. Homes,* 71 AD2d 950). In light of the fact that the subject lien had expired, the Supreme Court properly cancelled the undertaking filed to secure the lien *(see, Modular Steel Sys. v Avlis Contr. Corp.,* 89 AD2d 891).

We have examined the appellant's remaining contentions and find that they are without merit. Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.