■ MADISON LEXINGTON VENTURE, Appellant, v THOMAS CRIMMINS CONTRACTING COMPANY, Respondent. (Action No. 1.) THOMAS CRIMMINS CONTRACTING COMPANY, Respondent, v MADISON LEXINGTON VENTURE, Appellant, et al., Defendants. (Action No. 2.) (And a Third-Party Action.)—Order, Supreme Court, New York County (Myriam Altman, J.), entered September 27, 1988 (action No. 1), which, *inter alia,* denied petitioner Madison Lexington Venture's petition for an order summarily discharging a mechanic's lien filed by respondent, Thomas Crimmins Contracting Company, on October 29, 1986, unanimously affirmed, without costs.

Order of said court entered July 15, 1988 (action No. 2), which denied defendant-appellant therein, Madison Lexington Venture's motion for summary judgment pursuant to CPLR 3212 with respect to the first cause of action of plaintiff Thomas Crimmins Contracting, for foreclosure of the aforementioned mechanic's lien filed October 29, 1986, unanimously affirmed, without costs.

Thomas Crimmins Contracting Company (Crimmins Contracting) performed excavation and foundation work in con-

nection with Madison Lexington Venture's (MLV) development of commercial property located at 57th Street and Lexington Avenue in Manhattan. In June 1986, Crimmins Contracting commenced an action against MLV (action No. 2) alleging breach of contract and seeking $299,942.77 in damages. An amended complaint increasing the ad damnum to $599,885.54 was served in July 1986. On August 4, 1986, Crimmins Contracting filed a mechanic's lien on the property at which the work was done in the amount of $2,986,022.51. MLV discharged that lien by filing a bond pursuant to section 19 of the Lien Law.

On October 29, 1986, within the statutory period provided by the Lien Law, Crimmins Contracting filed a second lien for the same work on the same property, which it denominated an "amended lien", to correct an earlier improper designation of ownership of the property in the notice of lien filed August 4, 1986. Pursuant to an order granting leave, Crimmins Contracting filed a second amended complaint, in which it asserted an action for foreclosure of the October 29, 1986 lien, in addition to the breach of contract claim. Thereafter, Crimmins Contracting obtained an ex parte order entered October 23, 1987 continuing the lien filed October 29, 1986 for one year from the date of entry of that order.

It is conceded by both parties that the August 4, 1986 lien first filed, and the bond filed to discharge said lien, were allowed to lapse. Consequently, in the portion of the judgment entered September 27, 1988 not appealed, the court canceled the August 4, 1986 lien and bond, leaving only the October 29, 1986 lien, which was not bonded.

The Lien Law is permissive and allows the filing of successive liens for the same work, within the periods prescribed in section 10, to cure an irregularity in an earlier lien. (Berger Mfg. Co. v City of New York, 206 NY 24, 32-33; Matter of Cohen, 209 App Div 413, 414; Clarke v Heylman, 80 App Div 572, 577.) The Lien Law, at section 17, further provides that continuance of a mechanic's lien may be obtained by commencing a foreclosure action and filing a notice of pendency on the subject property, or by obtaining a court order. Pursuant to section 23 of the Lien Law, the provisions of article 2, which covers mechanic's liens, should be construed liberally to secure the beneficial purposes thereof.

Thus, while it is well settled that commencement of a foreclosure action alone, without filing a notice of pendency, is insufficient to continue a lien (Noce v Kaufman, 2 NY2d 347), there is nothing to suggest the commencement of such an

action precludes the entry of an order extending the lien as a means of continuing it. There simply is no proscription under the statute against taking both courses of action.

Contrary to petitioner-appellant Madison Lexington Venture's argument, it has been a long-standing matter of practice that an order extending a lien need not be obtained on notice, since it creates no new liability. Indeed, the statute does not require notice and, therefore, none is necessary unless mandated by the rules of the particular court in which the application is made. *(Darrow v Morgan,* 65 NY 333, 338 [1875]; *A. Burgart, Inc. v Foster-Lipkins Corp.,* 63 Misc 2d 930.)

Since the first filed lien and bond were permitted to lapse and were subsequently canceled by the judgment appealed from, there is no danger of double liability. The October 29, 1986 lien, having been timely filed, was a valid and independent lien, and was properly extended for one year through the procurement of a court order. Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Ellerin, JJ.