■ In the Matter of BINGHAMTON MASONIC TEMPLE, INC., Appellant, v ARMOR ELEVATOR COMPANY, INC., Respondent.— Appeal from an order of the Supreme Court (Smyk, J.), entered January 2, 1992 in Broome County, which denied petitioner's application pursuant to Lien Law § 19 (6) to vacate and discharge a mechanic's lien filed by respondent.

At issue in this case are two court orders continuing respondent's mechanic's lien which were granted within the one-year time period set forth in Lien Law § 17, but which were not actually filed with the County Clerk within that time period. The first extension was obtained in 1987 and is governed by Lien Law former § 17 (as amended by L 1970, ch 696), while the second extension at issue was obtained in 1989 and is governed by Lien Law § 17 (as amended by L 1989, ch 691, eff Aug. 21, 1989). Under the law as it existed in 1987 an extension could only be obtained by a court order, while currently an initial extension can be obtained by simply filing the extension within one year of the filing of the original notice of lien. To preserve the lien beyond the initial one-year extension period, however, the lienor must within that first one-year extension period obtain a court order continuing the lien. Petitioner contends that under either version of the statute, not only must the extension order be granted within one year but it must be filed within that time frame as well. We disagree.

The statute does not direct filing of the court order within any specific time period but provides only that the redocketing of the lien be as of the date of the order continuing the lien. The only time the extension must be filed within one year is under the current statute concerning the initial extension. In our view, as long as the court-ordered extension was granted within the one-year time period, the fact that it was not filed within that time does not extinguish the lien. As Supreme Court noted, "[d]ocketing the lien as of the date the order was granted precludes any advantage being gained from the late filing of the order". With respect to the fact that the applications were made ex parte, the statute does not require notice and insofar as an order extending a lien "creates no new liability * * * none is necessary" unless required by local court rules (*Madison Lexington Venture v Crimmins Contr. Co.*, 159 AD2d 256, 258, *appeal dismissed* 78 NY2d 905; *but see, Matter of Barnes Constr. Corp. v St. Bonaventure Univ.*, 131 Misc 2d 285).

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.