■ H.M. HUGHES Co., INC., Respondent, v CARMANIA CORP., N.V., Appellant, et al., Defendants.—Order, Supreme Court, New York County (Carmen B. Ciparick, J.), entered December 2, 1991, which granted plaintiff's motion to resettle an order of the same court entered July 30, 1991, so as to, *inter alia,* extend the duration of a notice of pendency for an additional three-year period, nunc pro tunc, as of the date of the original order, unanimously affirmed, with costs.

Plaintiff timely obtained and filed an order extending its notice of pendency, but because the subject property was not described, the County Clerk did not index and record the order but instead returned it to plaintiff after the original notice of pendency had lapsed. Under these circumstances, the resettled order extending the notice and directing that it be recorded and indexed nunc pro tunc as of the date of filing of the first extension order was properly made *(Sanders & Assocs. v Hague Dev. Corp.,* 131 AD2d 462). CPLR 6513 directs that the order "shall be filed, recorded and indexed before expiration of the prior period", which we read as a directive binding on the County Clerk *(see, Manton v Brooklyn & Flatbush Realty Co.,* 217 NY 284, 287). Assuming that plaintiff was remiss in omitting the block and lot number from the face of the original extension order, it was the County Clerk's failure promptly to reject the document that prevented plaintiff from timely curing the omission. Moreover, the index number did not change and so the block and lot number was only a minor omission. Concur—Wallach, J. P., Kupferman, Asch and Rubin, JJ.