■ CROSSLAND SAVINGS, FSB, Plaintiff, v SUTTON EAST ASSOCIATES No. 88 et al., Defendants. HARVEY SIMPSON et al., Appellants, v SUTTON EAST ASSOCIATES No. 88, Appellant, and V.A.L. FLOORS, INC., Respondent, et al., Defendants. NAB CONSTRUCTION CORPORATION et al., Counterclaim Defendants-Appellants. [707 NYS2d 147] —Order, Supreme Court, New York County (Kibbie Payne, J.), entered November 10, 1999, which denied the motion of plaintiffs Harvey Simpson and Edward Simpson, defendant Sutton East Associates No. 88, and counterclaim defendants NAB Construction Corporation and Aetna Casualty & Surety Co. for summary judgment dismissing the counterclaims and cross claims of defendant V.A.L. Floors, Inc. and discharging V.A.L.'s mechanic's lien, unanimously modified, on the law, to grant the motion to the extent of dismissing the third counterclaim against Harvey Simpson and Edward Simpson, and otherwise affirmed, without costs.

There is no support in either the Lien Law or the record for appellants' claim that V.A.L.'s lien expired. V.A.L. filed its mechanic's lien on March 20, 1991. Four months later, Crossland instituted a mortgage foreclosure action joining V.A.L. as a defendant in its complaint and naming V.A.L. in its Notice of Pendency, thus continuing V.A.L.'s mechanic's lien (Lien Law § 17). Although the Notice of Pendency expired on July 22, 1994, prior to its expiration, V.A.L., in compliance with Lien Law § 17, obtained successive yearly extensions of the lien by court orders effective from March 3, 1992 until February 15, 1996. Thus, V.A.L.'s failure to extend the Notice of Pendency was without significance, the lien having been in effect subsequent to the expiration of the Notice of Pendency by reason of the court orders (*see, Madison Lexington Venture v Crimmins Contr. Co.*, 159 AD2d 256, *lv dismissed in part and denied in part* 78 NY2d 905). When the last court order expired, the lien claim was still viable since, prior to the expiration of the last court order, the lien was bonded and discharged and, consequently, the surety's obligation for the security of the real estate was substituted in place of the real property (*see, Bargabos Constr. Co. v Realty Intl.,* 96 Misc 2d 1028, 1029).

Although V.A.L. still has a viable claim, its counterclaim asserted against Harvey Simpson and Edward Simpson, the gen-

eral partners of Sutton East Associates No. 88, must be dismissed since the Bankruptcy Reorganization Plan, confirmed by the Bankruptcy Court in the Sutton East Bankruptcy proceeding, enjoins litigation that attempts to collect or recover the debts of the Sutton East partnership from the individual partners. V.A.L.'s claim, having accrued prior to the entry of the Bankruptcy order, must therefore be dismissed.

We have considered appellants' remaining contentions and find them unavailing. Concur—Sullivan, P. J., Nardelli, Mazzarelli and Saxe, JJ.