■ ZLATKO MAKOVIC, Respondent, v BERNADETTE AIGBOGUN, Appellant. [837 NYS2d 570]—Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered January 23, 2007, which granted plaintiff's motion to extend a notice of pendency nunc pro tunc, unanimously affirmed, without costs.

Plaintiff moved to extend the notice of pendency by order to show cause filed about 2½ months before the notice of pendency was due to expire. The motion was granted by order signed and entered about a month after the notice had expired, but directing entry nunc pro tunc as of the day before the expiration date. On appeal, defendant argues that the court lacked the power to extend the notice after the original notice had expired. The argument is unavailing where plaintiff diligently moved for an extension of the notice well in advance of its expiration date but the court did not render a decision until after the expiration date. Concur—Lippman, P.J., Mazzarelli, Marlow, Buckley and Malone, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD SMITH, Appellant. [837 NYS2d 570]—Judgment, Supreme Court, New York County (Robert H. Straus, J.), rendered July 8, 2005, convicting defendant, after a jury trial, of assault in the third degree, and sentencing him to a term of 60 days, concurrent with three years' probation, unanimously modified, on the law, to reduce the conviction to attempted assault in the third degree and to reduce the sentence to time served with one year of probation, and otherwise affirmed.

The element of physical injury was not established by sufficient evidence. Defendant's argument on appeal that his intent was not established due to his voluntary intoxication is unpreserved, and, in any event, meritless as the jury could have found that defendant's intoxication was not at such a level as to negate his intent. Concur—Mazzarelli, J.P., Marlow, Buckley and Malone, JJ.