DANICA PLUMBING & HEATING, LLC, Now Known as DANICA GROUP, LLC, Appellant, v 3536 CAMBRIDGE AVENUE, LLC, Respondent, et al., Defendants. [878 NYS2d 57]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered July 24, 2008, which granted the motion of defendant 3536 Cambridge Avenue, LLC (Cambridge) to terminate a mechanic's lien and to dismiss plaintiff's first cause of action seeking foreclosure on the lien, unanimously reversed, on the law, without costs, the motion denied, the cause of action reinstated and the lien filed with the Bronx County Clerk on February 1, 2008 reinstated.

As plaintiff concedes, the mechanic's lien it filed on or about November 2, 2007 incorrectly named the general contractor in the lien as 3536 Cambridge Mews, LLC, when the actual contractor was 915 East 107th Restaurant Corp., now known as Meridian Contracting Corp. (Meridian). Following the filing of the November 2007 lien, plaintiff commenced an action against Cambridge for, inter alia, foreclosure on the lien, and also filed a notice of pendency. However, on or about February 1, 2008, plaintiff, upon realizing its mistake, filed a second lien, which was designated "Amended Notice of Mechanic's Lien." The February 2008 lien correctly identified Meridian as the general

contractor, and on or about March 10, 2008, plaintiff filed a supplemental summons and amended complaint, adding Meridian as an additional defendant. Plaintiff also filed and served upon Meridian a notice of pendency, which referred to the second lien.

The motion court erred in terminating the lien and dismissing the lien foreclosure cause of action. Lien Law § 10 (1) permits the filing of a notice of lien "at any time during the progress of the work and the furnishing of materials, or, within eight months after the completion of the contract, or the final performance of the work, or the final furnishing of the materials, dating from the last item of work performed or materials furnished." Moreover, the Lien Law is permissive and allows the filing of successive liens for the same work to cure an irregularity in an earlier lien, as long as the successive lien is filed within the period prescribed in section 10 (*see Madison Lexington Venture v Crimmins Contr. Co.*, 159 AD2d 256, 257 [1990], *lv dismissed* 78 NY2d 905 [1991]).

Here, the lien filed in February 2008 was not shown to be defective, and was filed well within the eight-month period applicable under Lien Law § 10. Furthermore, plaintiff filed an amended complaint referring only to the second lien, and served and filed a notice of pendency, which also referred to the second lien. Under these circumstances, the motion court should have treated the second lien as a successive lien and allowed the foreclosure action to proceed under the amended complaint (*see Madison Lexington Venture*, 159 AD2d at 257-258; *AJ Contr. Co. v Farmore Realty*, 3 Misc 3d 1110[A], 2004 NY Slip Op 50540[U] [2004]; *see also Verizon N.Y. Inc. v Consolidated Edison, Inc.*, 38 AD3d 391 [2007]). Concur—Tom, J.P., Andrias, Saxe, Moskowitz and DeGrasse, JJ. [*See* 20 Misc 3d 1123(A), 2008 NY Slip Op 51590(U).]