■ In the Matter of NAVILLUS TILE, INC., Doing Business as NAVILLUS CONTRACTING, Appellant; LC MAIN, LLC, Respondent. [950 NYS2d 748]—

In two related proceedings pursuant to Lien Law § 17 to extend the term of mechanic's liens, the petitioner appeals (1) from an order of the Supreme Court, Westchester County (Colabella, J.), dated August 9, 2010, which denied its petition

to extend, for a period of one year, the term of a mechanic's lien filed in connection with certain real property, (2) from an order of the same court, also dated August 9, 2010, which denied its petition to extend, for a period of one year, the term of a second mechanic's lien filed in connection with the real property, (3), as limited by its brief, from so much an order of the same court dated February 14, 2011, as, upon renewal and reargument, adhered to the determination in the first order dated August 9, 2010, and (4), as limited by its brief, from so much of an order of the same court, also dated February 14, 2011, as, upon renewal and reargument, adhered to the determination in the second order dated August 9, 2010.

Ordered that the appeals from the orders dated August 9, 2010, are dismissed, as those orders were superseded by the orders dated February 14, 2011, made upon renewal and reargument; and it is further,

Ordered that the orders dated February 14, 2011, are reversed insofar as appealed from, on the law and in the exercise of discretion, upon renewal and reargument, the determinations in the orders dated August 9, 2010, denying the petitions are vacated, and the petitions are thereupon granted nunc pro tunc to May 19, 2010; and it is further,

Ordered that one bill of costs is awarded to the appellant.

Navillus Tile, Inc., doing business as Navillus Contracting (hereinafter Navillus), filed two mechanic's liens in connection with the subject real property in White Plains, which is owned by LC Main, LLC (hereinafter LC Main). The liens were dated May 29, 2008. Navillus filed two one-year extensions of the liens, which are date-stamped as received by the Westchester County Clerk on May 22, 2009.

On May 19, 2010, a Wednesday, Navillus, proceeding ex parte, filed with the Chief Clerk of the Supreme Court, Westchester County, and the County Court, Westchester County, two petitions (one as to each lien), seeking to extend the terms of each of the two liens for an additional year. Navillus's counsel handed the petitions to that clerk since, in Westchester County, such ex parte applications for relief are no longer permitted to be hand-delivered to a judge or justice. Navillus's counsel informed that clerk that the liens were to expire on the upcoming Saturday. The petitions, however, were not received by a justice of the Supreme Court until Tuesday, May 25, 2010, which was after the liens had expired.

Observing that the liens had expired, the Supreme Court asked Navillus to brief the issue of whether the court still had the power to grant the extensions. Thereafter, the Supreme

Court denied the petitions in separate orders, one for each lien, concluding that once the liens had expired, it lacked the power to extend the liens nunc pro tunc.

Navillus moved for leave to renew and reargue, and LC Main opposed the motion. The Supreme Court, upon renewal and reargument, adhered to its prior determinations.

Contrary to the Supreme Court's conclusion, it did possess the power to grant the petitions extending the term of the liens nunc pro tunc. Nothing in the text of Lien Law § 17 prohibits the granting of an application for an extension of the term of a lien where the application is timely filed but not presented to a judge or justice until after the expiration date (*see Makovic v Aigbogun*, 41 AD3d 342 [2007]). Although, in denying the petitions and adhering to its prior determinations, the Supreme Court relied on *Matter of Binghamton Masonic Temple v Armor El. Co.* (186 AD2d 338 [1992]) and *Contelmo's Sand & Gravel v J & J Milano* (96 AD2d 1090 [1983]), those cases are distinguishable, as they did not squarely address the issue presented in this case. Since the granting of the petitions nunc pro tunc is not "otherwise expressly prescribed by law, the court may extend the time fixed by [Lien Law § 17] upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed" (CPLR 2004).

In the exercise of our discretion, we grant the petitions nunc pro tunc to May 19, 2010, the date the petitions were filed. Since the requests for relief set forth in the petitions may be made ex parte, and there may be a gap between the signing of the extension order and its filing, during which the one-year term of the lien may expire without affecting the validity of the lien, LC Main would not be prejudiced by the granting of the extensions nunc pro tunc (*see H.M. Hughes Co. v Carmania Corp.*, 187 AD2d 287 [1992]; *Matter of Binghamton Masonic Temple v Armor El. Co.*, 186 AD2d at 338; *Madison Lexington Venture v Crimmins Contr. Co.*, 159 AD2d 256, 258 [1990]; *Bianchi Constr. Corp. v D'Egidio*, 165 Misc 2d 973, 975 [1995]). Florio, J.P., Balkin, Belen and Chambers, JJ., concur.