Matter of 361 Broadway Assoc. Holdings, LLC v Blonder Bldrs. Inc. (2019 NY Slip Op 08920)





Matter of 361 Broadway Assoc. Holdings, LLC v Blonder Bldrs. Inc.


2019 NY Slip Op 08920


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter J.P., Gische, Webber, Gesmer, JJ.


10514 156265/18

[*1] In re 361 Broadway Associates Holdings, LLC, Petitioner-Respondent,
v
Blonder Builders Inc., Respondent-Appellant.


Law Offices of Andrew L. Crabtree, P.C., Melville (Dara M. Hartman of counsel), for appellant.
Rich, Intelisano & Katz, LLP, New York (Daniel E. Katz of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered November 13, 2018, which granted petitioner's motion to vacate a second mechanic's lien filed by respondent and denied respondent's motion to dismiss the petition, unanimously affirmed, with costs.
Petitioner, the owner of a construction project, entered into a subcontract with respondent pursuant to which respondent was to furnish materials and perform certain construction work. Thereafter, petitioner terminated respondent for cause. Respondent then timely filed a mechanic's lien within eight months after the completion of its work, as required by Lien Law § 10(1). However, that lien listed an incorrect lot number of the subject premises. After the eight month period expired, respondent filed a second mechanic's lien, listing the correct lot number.
Pursuant to Lien Law § 10(1), a mechanic's lien that is filed more than eight months after the completion of work or furnishing of materials is facially defective, and while section 10(2) allows for the filing of a mechanic's lien to cure the irregularity of an earlier lien, such corrected lien must be filed within the eight-month time period. Accordingly, the second lien that was filed after the applicable period was properly vacated (see Danica Plumbing & Heating, LLC v 3536 Cambridge Ave., LLC, 62 AD3d 426, 427 [1st Dept 2009] [Lien Law "allows the filing of successive liens for the same work to cure an irregularity in an earlier lien, as long as the successive lien is filed within the period prescribed in section 10"]; see also Madison Lexington Venture v Crimmins Contr. Co., 159 AD2d 256, 257 [1st Dept 1990], lv dismissed 78 NY2d 905 [1991]).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK