## CJS Indus. Inc. v United Prime Broadway, LLC

2024 NY Slip Op 33397(U)

September 26, 2024

Supreme Court, New York County

Docket Number: Index No. 153335/2021

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. SABRINA KRAUS           PART        57M

*Justice*

-------------------------------------------------------------------------X

CJS INDUSTRIES INC.,

            Plaintiff,

      - v -

UNITED PRIME BROADWAY, LLC, HIGH COURT
DOWNTOWN LLC, ACE WIRE & CABLE CO., INC.,
BEDROCK PLUMBING & HEATING, INC., CONNECT
DRYWALL & ACOUSTICS CORP., DAL ELECTRICAL
CORPORATION, DJH MECHANICAL CORP., FERGUSON
ENTERPRISES, LLC, LIBERTY DOORWORKS,
INC.,MASPETH WELDING, INC., ATLANTIC SPECIALTY
INSURANCE COMPANY,

            Defendants.

-------------------------------------------------------------------------X

FERGUSON ENTERPRISES, LLC

            Plaintiff,

      -against-

BEDROCK PLUMBING & HEATING INC., CJS INDUSTRIES
INC., HIGH COURT DOWNTOWN LLC, ATLANTIC
SPECIALTY INSURANCE COMPANY

            Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153335/2021 |
| MOTION DATE | 07/17/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595514/2021

The following e-filed documents, listed by NYSCEF document number (Motion 003) 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182

were read on this motion to/for          JUDGMENT - SUMMARY      .

## BACKGROUND

Plaintiff commenced this action seeking to foreclose on two mechanics liens, which were subsequently bonded, based on work done for High Court Downtown, LLC (High Court) at the building known as 385-387 Broadway, New York, New York (the "Property").

**153335/2021   CJS INDUSTRIES INC. vs. UNITED PRIME BROADWAY, LLC**
**Motion No.  003**

**Page 1 of 6**

On August 23, 2024, High Court moved for partial summary judgment alleging that the bonded liens had lapsed, and Plaintiff cross-moved for sanctions.

For the reasons set forth below, the motion and cross-motion are denied.

## PROCEDURAL HISTORY

On April 6, 2021, Plaintiff commenced this action. Prior to its commencement of this action, Plaintiff had filed a mechanic's lien against the Property on September 18, 2020, for the principal amount of $3,917,723.75. On February 23, 2021, Plaintiff filed a second mechanic's lien against the Property in the amount of $267,324.13.

On April 9, 2021, High Court, as principal, and Atlantic Specialty Insurance Company, as surety, issued two discharge of mechanic's lien bonds, numbered 80000770998 and 8000070999, in order to discharge the First and Second Mechanic's liens from the Property (the "Bonds").

On June 7, 2021, Plaintiff filed an amended complaint instead of asserting as its Third and Fourth Causes of Actions claims to foreclose upon the Bonds.

On September 10, 2021, High Court filed an Answer to the Amended Complaint denying that it owed any monies to Plaintiff for work it alleges to have performed for High Court at the Property and asserted Counterclaims against Plaintiff for breach of contract, fraud and breach of the implied covenant of good faith and fair dealing.

On October 9, 2021, Plaintiff filed a Reply to High Court's Counterclaims.

On September 7, 2021, and February 9, 2022, Plaintiff extended the expiration dates of the First and Second Mechanic's Liens through September 6, 2022, and February 8, 2023, respectively. No further extensions were sought.

**153335/2021   CJS INDUSTRIES INC. vs. UNITED PRIME BROADWAY, LLC**
**Motion No.  003**

**Page 2 of 6**

2 of 6

# DISCUSSION

### *The Court Will Consider the Motion on the Merits*

The Court finds that the motion is timely. The motion was filed only a few days later than the Plaintiff believes to be required. The short delay is *de minimis* and not prejudicial. Additionally, this Court's part rules, at the time the motion was filed, allow for dispositive motions to be filed within 90 days of the note of issue. In any event, the Court retains discretion to entertain such a motion on the merits and chooses to exercise that discretion in this case given the above refenced posture.

### *Once the Action had Been Commenced and the*
### *Liens Bonded No Further Extensions Were Required*

To prevail on a motion for summary judgment, the movant must establish, *prima facie*, its entitlement to judgment as a matter of law, providing sufficient evidence demonstrating the absence of any triable issues of fact. CPLR 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25-26 (2019). If this burden is met, the opponent must offer evidence in admissible form demonstrating the existence of factual issues requiring a trial; "conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient." *Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 (2016), quoting *Gilbert Frank Corp. v Fed. Ins. Co.*, 70 NY2d 966, 967 (1988). In deciding the motion, the evidence must be viewed in the "light most favorable to the opponent of the motion and [the court] must give that party the benefit of every favorable inference." *O'Brien v Port Auth. of New York and New Jersey*, 29 NY3d 27, 37 (2017).

The Court finds that movant has failed to make out a *prima facie* case entitling it to partial summary judgment.

Section 17 of the Lien Law governs the duration of liens and provides in pertinent part:

**153335/2021   CJS INDUSTRIES INC. vs. UNITED PRIME BROADWAY, LLC**
**Motion No.  003**

**Page 3 of 6**

3 of 6

[* 3]

No lien specified in this article shall be a lien for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to foreclose the lien, and a notice of the pendency of such action … is filed with the county clerk of the county in which the notice of lien is filed …; or unless an extension to such lien … is filed with the county clerk of the county in which the notice of lien is filed within one year from the filing of the original notice of lien, continuing such lien and such lien shall be redocketed as of the date of filing such extension. … No lien shall be continued by such extension for more than one year from the filing thereof. In the event an action is not commenced to foreclose the lien within such extended period, such lien shall be extinguished unless an order be granted by a court of record or a judge or justice thereof, continuing such lien, and such lien shall be redocketed as of the date of granting such order and a statement made that such lien is continued by virtue of such order. …. No lien shall be continued by court order for more than one year from the granting thereof, but a new order and entry may be made in each of two successive years. …..The provisions of this section in regard to continuing liens shall apply to liens discharged by deposit or by order on the filing of an undertaking. Where a lien is discharged by deposit or by order, a notice of pendency of action shall not be filed.

N.Y. Lien Law § 17 (McKinney).

The three-day period between the commencement of this action and the bonding of the two liens is the only time when a notice of pendency could have been required in this action. But, those three days were made irrelevant when Plaintiff later extended its two liens with the county clerk after having commenced this action and after High Court bonded off the two liens. Those two extensions separately extended CJS's liens under Lien law Section 17, at which point this ongoing foreclosure action was all that CJS needed to do to recover under its liens.

As held by the Court of Appeals:

The very end to be achieved by the filing of undertakings, conditioned upon the payment of the liens found to be outstanding, is to relieve the real estate from incumbrances, so that the same may freely be alienated by the owner. The order, which follows the filing of each undertaking, is an order 'discharging the lien,' as provided by the very terms of the statute. Any action brought, whether before or after the filing of the undertaking, although a suit ostensibly to foreclose the lien, in reality is, or becomes, an action to test the validity of the lien, had it not been discharged, and, if found valid, to procure a judgment upon the undertaking, rather than a judgment of foreclosure against the real estate. 'The bond, as we have seen, is given to discharge the lien. It is one of the

**153335/2021   CJS INDUSTRIES INC. vs. UNITED PRIME BROADWAY, LLC**                    **Page 4 of 6**
**Motion No.  003**

4 of 6

proceedings provided for by the statute, and it was evidently intended that the bond should take the place of the property and become the subject of the lien in the same form and manner as is provided for in the case of the payment of money into court, or the deposit of securities under an order of the court after action brought.' (*Morton v. Tucker*, 145 N. Y. 244, 248, 249.) …. It would seem anomalous that when a lien upon real estate has been discharged, and a cause of action upon a bond substituted, it should thereafter be necessary to give notice of the discharged lien, by filing a *lis pendens*, or that an order 'continuing' a discharged lien must be made, in order that an action upon the bond might be continued after the lapse of one year from the filing of the original lien. For this reason we should be inclined to hold that the provisions of section 17 did not apply to cases where undertakings had been given to discharge the liens. This we may not do, however, because section 17 expressly provides: 'The provisions of this section in regard to continuing liens shall apply to liens discharged by deposit or by order on the filing of an undertaking.' In respect to such liens, however, there is a manifest inconsistency in the section. **A lien will be continued beyond one year if within that time 'an action is commenced to foreclose the lien, and a notice of the pendency of such action' be filed; yet where 'a lien is discharged by deposit or by order, a notice of pendency of action shall not be filed.' We think that since the Legislature conditioned the continuance of the lien upon the performance of two acts, one of which, by its express command, was forbidden to be done, necessarily continuance of the lien must follow, if the one act permitted to be done is performed. Therefore, we hold that the bringing of the action to foreclose is sufficient in itself to continue the lien, so far as that may be necessary for the continued prosecution of the action against those signing the undertaking.**

*White Plains Sash & Door Co. v. Doyle*, 262 N.Y. 16, 19–21 (1933)(*emphasis added*).

Or as explained by the Appellate Division, First Department " (w)hen the last court order expired, the lien claim was still viable since, prior to the expiration of the last court order, the lien was bonded and discharged and, consequently, the surety's obligation for the security of the real estate was substituted in place of the real property (*see, Bargabos Constr. Co. v Realty Intl.*, 96 Misc 2d 1028, 1029)." *Crossland Sav., FSB v. Sutton E. Assocs. No. 88*, 271 A.D.2d 276, (2000).

Based on the foregoing, the motion is denied.

**153335/2021   CJS INDUSTRIES INC. vs. UNITED PRIME BROADWAY, LLC**
**Motion No.  003**

**Page 5 of 6**

The Court does not find that there is any basis to award sanctions in this matter and the cross-motion is therefore also denied.

WEHERFORE it is hereby:

ORDERED that the motion and cross-motion are denied in their entirety; and it is further

ORDERED that, within 20 days from entry of this order, Plaintiff shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh);]; and it is further

ORDERED that any relief not expressly addressed has nonetheless been considered and is hereby denied; and it is further

ORDERED that counsel appear for a virtual pre-trial conference on October 21, 2024 at 1:00 PM, where a final date will be set for the bench trial before this Court.

This constitutes the decision and order of the Court.

20240926170045SBKRAUS3F9B6D71B9C64E5FB5D0BC3B2CD8D3BB

_____
**9/26/2024**
**DATE**

_____
**SABRINA KRAUS, J.S.C.**

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**153335/2021   CJS INDUSTRIES INC. vs. UNITED PRIME BROADWAY, LLC**
**Motion No.  003**

**Page 6 of 6**

6 of 6