| |
|---|
| **City Safety Compliance Corp. v 310 Group, LLC** |
| 2024 NY Slip Op 33864(U) |
| October 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153944/2019 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DAVID B. COHEN**     PART     **58**

*Justice*

---------------------------------------------------------------------------X

CITY SAFETY COMPLIANCE CORP.,

        Plaintiff,

- v -

310 GROUP, LLC,NY MANHATTAN 40TH ST., LENDERS, L.P., METAL PARTNERS REBAR, LLC,TSC 2014, LLC,CANY TECHNICAL SERVICES, LLC,MCLNY PLUMBING & HEATING, LLC,LEVERAGE  BUILDERS GROUP INC.,IMPERIEX CONSTRUCTION INC.,GARVIN BROWN CONSTRUCTION PRODUCTS  LLC,EVEREST SCAFFOLDING, INC.,SSG DOOR & HARDWARE, INC.,ELM SUSPENSION SYSTEMS, INC.,BEST PLUMBING & HEATING, INC.,LONG ISLAND PIPE SUPPLY, INC.,WORLD WIDE PLUMBING SUPPLY, INC.,COLLINS BROTHERS WORLDWIDE, LLC,ZDG, LLC,KILROY ARCHITECTURAL WINDOWS, INC.,SNG BRICK STONE, INC.,KD BROTHERS, INC.,A&E SURFACES CO., ROBERT ETTINGER, P.E., P.C.,PRESS BUILDERS, INC.,

        Defendants.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153944/2019 |
| MOTION DATE | 05/17/2024 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109

were read on this motion to/for      DISCONTINUE     .

      This motion arises out of an action that was commenced by plaintiff to foreclose on its mechanic's lien for $76,035.00 for services rendered in the construction of the Aliz Hotel Times Square at 310 West 40th Street.  The named defendants relevant on this motion are property

owner 310 Group, LLC (310 Group), NY Manhattan 40th St. Lenders (Lenders), and ELM Suspension Systems, Inc. (ELM).[1]

By Notice of Motion, Lenders moves, pursuant to CPLR 3211(a)(1) or alternatively CPLR 3212, dismissing it as a party to this action, and pursuant to 22 N.Y.C.R.R. § 130-1.1, for sanctions against ELM and its counsel. ELM cross-moves for sanctions.

### I. Pertinent Facts (NY St Cts Elec Filing [NYSCEF] Doc No. 1, 93)

Plaintiff entered into a written contract with 310 Group to provide construction management services to 310 Group for the management of the design and construction of the Aliz hotel. Plaintiff alleges it performed all its obligations and that 310 Group failed to pay according to the terms of the contract.

On October 17, 2016, Lenders issued a mortgage to 310 Group in the amount of $40 million. On September 17, 2019, ELM filed a Notice of Mechanics Lien on the property in the amount of $58,143.98.

In January 2024, 310 Group bonded ELM's mechanic's lien. On March 14, 2024, Lenders assigned its note and mortgage on the property to JP Morgan Chase.

On March 15, 2024, Lenders emailed ELM informing it of the mortgage assignment and requested that ELM sign a stipulation of partial discontinuance dismissing Lenders from this action. ELM replied on March 26, 2024, asserting that pursuant to CPLR 1018, the action may be continued against Lenders notwithstanding its assignment of its interest in the property.

Lenders then learned that the 310 Group had bonded ELM's lien in January 2024, and on April 5, 2024, emailed ELM a copy of the bond and again requested that ELM sign the stipulation of partial discontinuance on this basis. The same day, ELM replied that it had not

---

[1] Plaintiff also named 20 other mechanic's lienors as defendants in the action.

**153944/2019   CITY SAFETY COMPLIANCE CORP. vs. 310 GROUP, LLC**
**Motion No.  005**

been served with the bond, but it would accept service from 310 Group by email. That same day, 310 Group served ELM the bond by email.

Lenders emailed ELM on April 10 and again on April 16 stating that based upon the assignment of its mortgage and 310 Group's bond, Lenders should be dismissed as a party to this action and asked ELM to sign a stipulation of partial discontinuance. After ELM refused to sign the stipulation, Lenders filed this motion.

## II.     Contentions

### A.     Lenders (NYSCEF Doc No. 93, 108)

Pursuant to CPLR 3211(a)(1), Lenders asserts that it should be dismissed as a party to this action and accordingly moves for a partial discontinuance based upon the assignment of its mortgage to JP Morgan Chase and 310 Group's bond. In the alternative, Lenders moves for summary judgment pursuant to CPLR 3212, arguing that there is nothing in the Lien Law that requires a lender to be included as a necessary party to a lien foreclosure action. Additionally, Lenders seeks sanctions against ELM and its counsel pursuant to 22 NYCRR § 130.1.1, asserting that ELM's refusal to sign the stipulation discontinuing Lenders as a party has resulted in frivolous litigation, and is a waste of the court's resources and accordingly qualifies as sanctionable conduct.

### B.     ELM (NYSCEF Doc No. 108)

ELM opposes, and maintains that the proper way for Lenders to be dismissed from the litigation would be for Lenders to move to substitute JP Morgan Chase in its place pursuant to CPLR 1018. ELM claims that the discontinuance of parties is governed by CPLR 1003, which requires a court order and does not require a plaintiff or cross-claimant to discontinue against a defendant. ELM further contends that under CPLR 3217, a claim may not be discontinued

[* 3]

unless there is a stipulation signed by all parties. ELM cites to caselaw which provides that a property owner remains a necessary party even after a lien has been discharged.

Finally, ELM cross-moves for sanctions, asserting that as there is no legal mandate that it enter into a stipulation, Lenders' motion is frivolous.

### III.    Legal Analysis and Conclusions

CPLR 3211(a)(1) states that "[a] party may move for judgment dismissing one or more causes of action asserted against him on the grounds that … a defense is founded upon documentary evidence[.]" Dismissal is "only warranted if documentary evidence conclusively resolves all factual issues to the asserted claims as a matter of law" (*Kolchins v Evolution Markets, Inc.*, 128 AD3d 47 [1st Dept 2015], *affd*, 31 NY3d 100 [2018], *quoting Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267 [1st Dept 2004]).

A party moving for summary judgment pursuant to CPLR 3212 "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once the moving party has met this prima facie burden, the burden shifts to the non-moving party to furnish evidence in admissible form sufficient to raise a material issue of fact (*Alvarez*, 68 NY2d at 324).

The purpose of the mechanics' lien statute is to provide an added degree of protection to parties who provide labor or material for construction projects by providing an independently enforceable security interest upon the construction property (*Strober Bros., Inc. v Kitano Arms Corp.*, 224 AD2d 351 [1st Dept 1996], *see, Niagara Venture v Sicoli & Massaro*, 77 NY2d 175, 180 [1990]). The lien statute is to be construed liberally to secure that beneficial interest and

[* 4]

purpose (Lien Law § 23; *Madison Lexington Venture v Crimmins Contracting Co.*, 159 AD2d 256, 257 [1st Dept 1990]).

The necessary parties to a mechanic's lien foreclosure action are the property owner (Lien Law § 44[3]) and "[a]ll lienors having lien notices of which have been filed against the same real property" (Lien Law § 44[1]). The law defines a "lienor" as "any person having a lien upon the property" (Lien Law § 2[1]). The definition is not limited to mechanic's lienors, but rather broadly includes anyone with a lien that would be affected by the foreclosure and sale of the property.

"Upon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action" (CPLR 1018). An assignee of a mortgage is permitted to "continue [the] action in the name of the original mortgagee, even in the absence of a formal substitution" (*U.S. Bank N.A. v Hossain*, 177 AD3d 547 [1st Dept 2019]; *quoting Cent. Fed. Sav., F.S.B. v 405 W. 45th St., Inc.*, 242 AD2d 512 [1st Dept 1997]; CPLR 1018).

Where a mechanic's lien against real property is discharged by either deposit or bond, a property owner remains a necessary defendant because "the nature and character" of a pending action does not change, but rather the "deposit [is] merely substituted as security for the lien" (*see Harlem Plumbing Supply Co., Inc. v Handelsman*, 40 AD2d 768, 768, [1st Dept 1972]; *cf. Doma Inc. v 885 Park Ave. Corp.*, 59 Misc 3d 703 [Sup Ct, NY County 2018] [cited by Lenders]).

Here, while it is unclear which documentary evidence Lenders is relying upon for dismissal, it appears that Lenders is asserting its assignment as mortgagee to JP Morgan Chase and 310 Group's bonding of ELM's mechanic's lien constitutes documentary evidence that

[* 5]

compels ELM to stipulate to discontinue Lenders from this action. However, Lenders cites to no supporting authority and the cases it cites pertain to the dismissal of an owner, not a mortgagee, from an action.

The holding in *Harlem Plumbing Supply* is inapposite because it does not apply to a *mortgagee* (*see Harlem Plumbing Supply Co., Inc.*, 40 AD2d 768). In any case, Lenders' assertion that Lien Law § 44-b abrogates the holding of *Harlem Plumbing Supply* is inapplicable because Lien Law § 44-b only releases a *private owner* as a necessary defendant when a lien is bonded by a *contractor or a subcontractor*. Here, ELM's mechanic's lien was bonded by the owner, 310 Group, not a contractor or subcontractor, and again, Lender is not an owner.

Absent any supporting authority, Lenders failed to meet its burden of showing that ELM must sign a stipulation of partial discontinuance and therefore Lenders remains a necessary party in this action.

## IV.     Sanctions

Pursuant to 22 NYCRR 130-1.1, a court may exercise discretion to impose costs and sanctions on a party under certain circumstances and is "accorded wide latitude to determine the appropriate sanctions for dilatory and improper attorney conduct" (*Pickens v Castro*, 55 AD3d 443, 444 [1st Dept 2008]). Central to that discretion is a determination of whether the present proceedings are due to "frivolous, groundless litigation envisioned by 22 NYCRR 130-1.1" (*De Vito v Yeh*, --- AD3d ---, 2024 NY Slip Op 04739 [1st Dept 2024]), which includes filing a motion "completely without merit in law," or is "undertaken primarily to delay or prolong the resolution of the litigation," or "asserts material factual statements that are false" (*Talos Capital Designated Activity Co. v 257 Church Holdings LLC*, 226 AD3d 414 [1st Dept 2024] [internal citations omitted]). "Conduct is not frivolous merely because the weight of authority appear[s]

[* 7]

to favor [one party] or because … novel claims [are] unlikely to succeed" (*De Vito*, --- AD3d ---, 2024 NY Slip Op 04739 [1st Dept 2024]).

Lenders asserts that ELM's refusal to sign a stipulation discontinuing this action constitutes frivolous conduct and requests that the Court sanction ELM in an amount sufficient to cover its costs and expenses incurred.

ELM argues that as a stipulation is a voluntary agreement, its refusal to sign the stipulation is not sanctionable and observes that Lenders cite no authority that ELM is required to stipulate with Lenders, or that the failure to do so is sanctionable, thus providing a basis for sanctions against Lenders.

Here, the record does not support an award of sanctions under any of the prongs. Although Lenders failed to provide adequate authority, its motion does not rise to the level of frivolous conduct within the meaning of 22 NYCRR 130–1.1(c), and thus, ELM is also not entitled to sanctions.

Accordingly, it is hereby

ORDERED, that NY Manhattan 40th St., Lenders' motion for a discontinuance is denied;

ORDERED, that NY Manhattan 40th St., Lenders' motion for sanctions is denied;

ORDERED, that ELM Suspension System's motion for sanctions is denied;

ORDERED, that the parties appear for a discovery conference on November 19, 2024, at 9:30 am, in person, at 71 Thomas Street, Room 305, New York, New York.

20241029140804DBC0HENAQB713BAA4574B95AF709E28EC3C2291

_____
10/29/2024
**DATE**

_____
**DAVID B. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |